■ Shirley Friedman, Respondent, v. John F. Gearrity et al., Appellants.— In a negligence action to recover damages for personal injury, defendants appeal from a judgment of Supreme Court, Nassau County, dated April 2, 1969, in favor of plaintiff upon a jury verdict. Judgment reversed, on the law and the facts, without costs, and complaint dismissed. The evidence adduced at the trial shows that defendants own a one-family house, with an attached garage and driveway; that defendants blacktopped the driveway leading from the garage to the concrete portion of the public sidewalk and from the other side of this concrete strip to the public highway; that the blacktopped driveway and the public sidewalk constituting part of the driveway were in perfect condition; and that the defective protruding portion of the sidewalk upon which plaintiff tripped was not part of the driveway, but adjacent to it and adjacent to a tree which was not under defendants' control. The evidence also showed that the cement blocks surrounding the tree were raised on an angle; and that the cement blocks appeared to be raised higher near the tree, where the roots were thick and near the surface, and lower at a distance from the tree, where the roots were thin and further beneath the surface. It may well be that the tree caused the defect in the public sidewalk, but in any event there was no proof that defendants did anything to cause the dangerous condition and subsequent accident. As a general rule it is only the municipality which may be held liable for the negligent failure to have defects and dangerous conditions in a sidewalk repaired, unless a charter, ordinance or statute clearly imposes liability upon the owner in favor of the injured person (*City of Rochester* v. *Campbell,* 123 N. Y. 405; *Tremblay* v. *Harmony Mills,* 171 N. Y. 598; *Cannon* v. *Pfleider,* 19 A D 2d 625). In order to establish a basis for liability on the part of the abutting landowner, it must appear that the defective condition in the sidewalk was created by the owner, or was caused to exist because of the owner's use of the sidewalk, or a portion thereof, in a special manner (*Mullins* v. *Siegel-Cooper Co.,* 183 N. Y. 129; *Nickelsburg* v. *City of New York,* 263 App. Div. 625; *Weinberg* v. *Wing,* 16 A D 2d 900). The owner is also liable where he fails to maintain in a reasonably safe condition a sidewalk which is

constructed in a special manner in order that his property may derive a special benefit (*Trustees of Canandaigua* v. *Foster*, 156 N. Y. 354; *Nickelsburg* v. *City of New York, supra*). Plaintiff did not show that defendants created the defect or that the defect arose because of defendants' special use of the sidewalk. There was no evidence adduced at the trial to warrant a judgment for plaintiff; therefore, the judgment should be reversed and the complaint dismissed. Brennan, Acting P. J., Hopkins, Benjamin, Martuscello and Kleinfeld, JJ., concur.