■ SALLY LODATO, Respondent, v TOWN OF OYSTER BAY, Defendant, and RICHARD BOHNER, Appellant. (And a Third-Party Action.)—In a negligence action to recover damages for personal injuries, defendant Richard Bohner appeals from an interlocutory judgment of the Supreme Court, Nassau County, dated July 17, 1978, which is in favor of plaintiff and against him, after a jury trial limited to the issue of liability only. Interlocutory judgment reversed, on the law, and complaint dismissed, with costs. As the plaintiff walked on the sidewalk abutting the premises owned by defendant Bohner, she tripped over an elevated flag of concrete and fell, injuring herself. The evidence adduced at the trial showed only that defendant Bohner saw to it that the walk was swept and cleared of snow and that the areas of grass abutting the walk were mowed. It appeared that the concrete flag became elevated as a result of upward pressure of an adjacent tree root; however, no cause was actually proven. The Town of Oyster Bay maintained the trees and the County of Nassau maintained the street. It was not proven that defendant Bohner did anything to cause the condition complained of. Under these circumstances, plaintiff failed to make out a prima facie case against defendant Bohner (see *City of Rochester v Campbell,* 123 NY 405; *Jacques v Maratskey,* 41 AD2d 883; 26 NY Jur, Highways, Streets, and Bridges, §§ 363-365). Accordingly, the complaint must be dismissed. We note with disapproval that the trial court instructed the jurors as to the contents of an ordinance of the Town of Oyster Bay which imposes the duty of care and repair of sidewalks upon abutting landowners, but which does not impose any tort liability upon such persons for their failure to comply with the ordinance. That ordinance had no application to this case and the court so noted in its charge. In addition, we would also point out that when the attorney for defendant Bohner continually objected to a line of questioning followed by plaintiff's counsel, intended, obviously, to elicit from defendant Bohner, called as plaintiff's witness, the fact that he was insured in this matter, the trial court continually overruled such objections and went to the extreme of telling the jurors that it did not think that the revealing of this fact was so terrible. Although, eventually, the trial court did give curative instructions which tended to vitiate the error, the trial court's treatment of this matter was generally improper. Rabin, J. P., Shapiro, Cohalan and Martuscello, JJ., concur.

■ MONTROSE CONCRETE PRODUCTS CORP., Respondent, v SILVERITE CONSTRUCTION COMPANY, INC., et al., Defendants, and FIDELITY AND DEPOSIT COMPANY OF MARYLAND, Also Known as FIDELITY & DEPOSIT CO. OF MARYLAND, Appellant.—In an action, *inter alia,* to foreclose a mechanic's lien, defendant Fidelity and Deposit Company of Maryland appeals (1) from an order of the Supreme Court, Westchester county, entered September 11, 1978, which granted plaintiff's motion for leave to enter a default judgment against it and (2) as limited by its brief, from so much of a further order of the same court, entered October 25, 1978, as, upon reargument, adhered to the original determination. Appeal from the order entered September 11, 1978 dismissed as academic. That order was superseded by the order granting reargument. Order entered October 25, 1978 affirmed insofar as appealed from. Plaintiff is awarded one bill of $50 costs and disbursements to cover both appeals. Although the facts indicate an excusable default (see *A. G. Serv. Co. v Interboro Contrs.,* 64 AD2d 880), appellant has failed to make the requisite showing of facts sufficient to establish that it has a meritorious defense (see *Renne v Roven,* 29 AD2d 866). Mere self-serving conclusions that a meritorious defense exists do not suffice. Titone, J. P., O'Connor, Margett and Martuscello, JJ., concur.