■ CARLOS ORJUELA et al., Plaintiffs, v CITY OF NEW YORK, Respondent, and KRISHAN CHAND et al., Appellants. — In a negligence action to recover damages for personal injuries, etc., defendants Chand appeal from an order of

the Supreme Court, Queens County (Kunzeman, J.), dated May 19, 1981, which denied their motion for summary judgment dismissing the complaint as against them. Order reversed, on the law, without costs or disbursements, motion granted and the complaint is dismissed as against defendants Chand. On the evening of October 30, 1976, plaintiff Carlos Orjuela allegedly tripped on a raise in the sidewalk pavement abutting the premises owned by appellants. Plaintiffs sued the City of New York and appellants to recover damages for personal injuries and loss of services, and the City of New York cross-claimed against appellants. Appellants' motion for summary judgment is addressed to plaintiffs' complaint, but not to the city's cross claim. In support of their motion, appellants submitted Carlos Orjuela's testimony at a pretrial deposition, where he testified that he tripped over "the raised pavement" near a tree. Also submitted was the statement of an expert that the raise in the sidewalk was caused by the growth of the tree's roots. Plaintiffs did not oppose the motion. The City of New York opposed, however, alleging: "An examination of the scene of the alleged accident reveals that the concrete slab constituting the lower part of the sidewalk directly abutted the driveway of the defendants KRISHAN and AMBROSE CHAND. * * * It was this particular portion of the sidewalk upon which the plaintiff was proceeding when he was allegedly caused to trip and fall on the next slab, alongside a tree, which slab allegedly was raised. The fact that the concrete slab abutting the driveway was lower than surrounding areas of the sidewalk presents a question of fact as to whether the defendants KIRSHAN [sic], and AMBROSE CHAND's use of that portion of the sidewalk as a driveway, which use should be classified as a 'special use' * * * had caused the allegedly defective condition in that repetitive pressure had served to depress that portion of the sidewalk." The city does not set forth its basis for reaching this conclusion. It is entirely speculative and, therefore, of no probative value. On this record, appellants, as a matter of law, cannot be held liable to plaintiffs. The evidentiary facts point to one conclusion: plaintiff Carlos Orjuela tripped over a portion of the public sidewalk; if there was a defect in that sidewalk, it was caused by the upward pressure from the roots of a tree maintained by the City of New York (see Lodato v Town of Oyster Bay, 68 AD2d 904). Therefore, appellants' motion should have been granted. Weinstein, J. P., O'Connor, Bracken and Rubin, JJ., concur.