■ LUCILLE FORELLI et al., Respondents, v ANTHONY RUGINO et al., Appellants.—In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Nassau County (Kutner, J.), dated June 25, 1987, which denied their motion for summary judgment.

Ordered that the order is affirmed, without costs or disbursements.

In support of their motion for summary judgment, the defendants established that the plaintiff Lucille Forelli fell on a public sidewalk, not on the defendants' property. The plaintiffs, in opposition to the motion, relied upon an ordinance of the Village of Massapequa Park which imposed upon the defendants a duty to maintain the adjoining sidewalk, but this ordinance does not expressly impose tort liability upon the defendants for a violation of that duty. Under these circumstances, the defendants owed no duty to the plaintiff to keep the sidewalk in good repair, and cannot be subject to tort liability for any alleged breach of such a duty *(see, City of Rochester v Campbell,* 123 NY 405; *Lodato v Town of Oyster Bay,* 68 AD2d 904; *Friedman v Gearrity,* 33 AD2d 1044; *Cannon v Pfleider,* 19 AD2d 625, 626).

However, the defendants may be liable to the plaintiffs should the plaintiffs be able to prove at trial that the defendants, through their agents, actually created the defect in the sidewalk which caused the plaintiff Lucille Forelli to fall *(see, e.g., Tremblay v Harmony Mills,* 171 NY 598, 602; *Mullins v Siegel-Cooper Co.,* 183 NY 129; *Friedman v Gearrity, supra).* In opposition to the motion for summary judgment, the plaintiffs submitted an affidavit signed by a neighboring resident who averred that, several years before the accident, the defendants

employed certain persons who removed a nearby maple tree, and that the removal of the tree "actually worsened" the condition of the sidewalk. This statement, while unsubstantiated, is not wholly conclusory *(cf., Ritacco v Town/Village of Harrison,* 105 AD2d 834) and is not incredible as a matter of law. This sworn allegation therefore gives rise to a triable issue of fact as to whether the defendants did indeed create the condition which caused the plaintiff Lucille Forelli's accident, so that summary judgment was properly denied *(see, e.g., Rehfuss v City of Albany,* 118 AD2d 987). Bracken, J. P., Lawrence, Rubin and Kooper, JJ., concur.