■ GLORIA ZIZZO, Respondent-Appellant, v CITY OF NEW YORK, Respondent, and GLEN OAKS VILLAGE OWNERS, INC., Appellant.—In an action to recover damages for personal injuries, the defendant Glen Oaks Village Owners, Inc. appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Lerner, J.), entered September 15, 1989, as denied its cross motion for summary judgment dismissing the complaint insofar as asserted against it, and the plaintiff cross-appeals from so much of the same order as granted the defendant City of New York's motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that that order is reversed insofar as appealed from, on the law, the cross motion of the defendant Glen Oaks Village Owners, Inc. is granted, and the complaint is dismissed as asserted against that defendant; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that the defendants, appearing separately and filing separate briefs, are awarded one bill of costs payable by the plaintiff.

The plaintiff slipped and fell on the roots of a tree which was growing in the grassy area between the sidewalk and the curb in front of the building owned by the defendant Glen Oaks Village Owners, Inc. (hereinafter Glen Oaks). Glen Oaks hires gardeners to maintain the grounds around the building. They cut the grass and shrubs on the property as well as the grass on the area between the sidewalk and the curb. They do not, however, care for the trees which grow in front of the building. Those trees are owned and maintained by the defendant City of New York, which is responsible for their pruning and removing their roots.

Contrary to the plaintiff's contention, the grassy area adjacent to the curbline where the plaintiff fell is part of the sidewalk (see, Gallo v Town of Hempstead, 124 AD2d 700; Vehicle and Traffic Law § 144), and New York City's "Pothole Law" (Administrative Code of City of New York § 7-201 [c]) is applicable thereto. Since no prior written notice of the defect

had been given, it is necessary for the plaintiff to establish affirmative negligence on the part of the City in order for that defendant to be held liable. Under the circumstances of this case, the mere planting of a curbside tree does not, in itself, constitute an affirmative act of negligence. Furthermore, the alleged failure of the City to maintain the tree in question constitutes, at best, simple nonfeasance for which there can be no liability absent prior written notice of the condition *(see, Monteleone v Incorporated Vil. of Floral Park,* 143 AD2d 647, 648-649, *affd* 74 NY2d 917; *Michela v County of Nassau,* 176 AD2d 707 [decided herewith]).

In order to establish a basis for liability on the part of the abutting landowner, it must appear that the defective condition in the sidewalk was created by the owner *(see, Friedman v Gearrity,* 33 AD2d 1044). Viewed in its most favorable light, the plaintiff's evidence failed to establish that the defective condition upon which the plaintiff fell was created by Glen Oaks as opposed to the normal growth of the tree with the passage of time *(see, Foley v Liogys,* 124 AD2d 641). Moreover, this court has held that an abutting landowner is not liable to a plaintiff who trips over a portion of the public sidewalk which is raised due to the upward pressure of the roots of a tree maintained by the City of New York *(see, Orjuela v City of New York,* 87 AD2d 645, 646), even when the landowner swept the sidewalk, cleared it of snow, and mowed the areas of grass abutting it *(see, Lodato v Town of Oyster Bay,* 68 AD2d 904).

The plaintiff's remaining contentions that, for example, the gardeners hired by Glen Oaks removed soil or failed to maintain proper levels of soil around the tree in question, are entirely speculative and, therefore, are of no probative value *(see, Orjuela v City of New York, supra).* Mangano, P. J., Kunzeman, Miller and Copertino, JJ., concur.