■ JOSEPH FESTA, Respondent, v EDWARD WASKAWIC et al., Defendants, MICHAEL BONO, Respondent, and RUTH WASKAWIC, Appellant.—In an action to recover damages for personal injuries, the defendant Ruth Waskawic appeals from an order of the Supreme Court, Nassau County (Saladino, J.), dated May 22, 1990, which denied her motion for summary judgment dismissing the complaint insofar as it is asserted against her and any cross claims against her.

Ordered that the order is reversed, on the law, with one bill of costs, the motion is granted, the complaint insofar as it is asserted against the defendant Ruth Waskawic and any cross claims against her are dismissed, and the action against the remaining defendants is severed.

On the evening of February 9, 1987, the plaintiff was walking on the public sidewalk in front of premises located at 82 Davis Street in the Town of Oyster Bay when he allegedly slipped on a patch of ice and fell, sustaining serious injuries. It is alleged that those in control of the adjoining premises created an icy condition on the public sidewalk, which caused

him to fall. Those premises were owned by the moving defendant, Ruth Waskawic (hereinafter the landlord) and her ex-husband who is named as a codefendant but is not involved in the instant appeal. The premises had been leased to the codefendant Michael Bono (hereinafter the tenant) and his family approximately 15 years prior to the date of the accident, and the tenant remained in possession at the time of the accident.

At their respective examinations before trial, both the landlord and the tenant testified that it was the sole responsibility of the tenant to maintain the premises and make any needed repairs at his own expense. There was no express agreement with respect to removal of ice and snow but both understood that this too was the tenant's sole responsibility. The landlord submitted an affidavit in support of her motion averring that she had no notice of any defect or dangerous condition on the sidewalk in front of the house and had never in any way directed the tenant's maintenance and upkeep of the premises.

On this record, no triable issue of fact was presented to justify imposition of tort liability upon the landlord. The reservation of a general right to inspect the leased premises is an insufficient basis to impose liability upon a lessor for dangerous conditions arising after possession and control of the premises has been turned over to the lessee (see, LaFleur v Power Test Realty Co., 159 AD2d 691; Silver v Brodsky, 112 AD2d 213). Here, the record establishes that complete control of the premises had been turned over to the tenant, who was solely responsible for maintenance and any needed repairs. The landlord was not contractually obligated to make repairs, and had no knowledge of the allegedly dangerous condition. Moreover, the landlord did not in any way control or direct the actions of her tenant and cannot be held vicariously liable for his alleged negligence (cf., Forelli v Rugino, 139 AD2d 489). We further note that a violation of Town of Oyster Bay Code § 21-17, which imposes a duty on property owners to keep the adjoining public sidewalk in front of their premises free of ice and snow, does not give rise to tort liability against property owners in favor of a pedestrian injured as a result of an alleged violation of the ordinance (see, Roark v Hunting, 24 NY2d 470, 475; Lodato v Town of Oyster Bay, 68 AD2d 904; Forelli v Rugino, supra).

Accordingly, the landlord's motion for summary judgment is granted. Harwood, J. P., Balletta, O'Brien and Ritter, JJ., concur.