■ ANNE YASS et al., Respondents, v DEEPDALE GARDENS, Appellant.—In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Zelman, J.), dated October 11, 1990, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff Anne Yass tripped and fell over a slab of raised concrete in the sidewalk which abuts the defendant's premises. The condition apparently was caused by the upward pressure exerted by roots of a nearby tree. It is not disputed that the sidewalk was under the control of, and the tree was maintained by, the City of New York. The defendant's maintenance manager acknowledged that a maintenance staff swept and shoveled the sidewalks, and that the defendant would hire a contractor to make repairs thereto should a defect be brought to its attention, but claimed that the defendant was unaware of this particular problem. In any event, it is undisputed that the defendant never made any repairs to the section of the sidewalk where Ms. Yass fell.

In order to establish a basis for liability on the part of the abutting landowner, it must appear that the defective condition in the sidewalk was created by the abutting owner *(see, Zizzo v City of New York,* 176 AD2d 722, 723; *Friedman v*

*Gearrity,* 33 AD2d 1044). Further, an abutting owner will not be held responsible for the condition which caused the accident merely because repairs to other, unrelated areas of the walk were undertaken *(Roark v Hunting,* 24 NY2d 470, 477). In view of this well-settled law the plaintiffs' case is fatally deficient. Viewed in its most favorable light, their evidence does not create an issue of fact as to whether the defective condition "was created by * * * negligent repair work as opposed to the normal elements and passage of time" *(Foley v Liogys,* 124 AD2d 641; *see also, Orjuela v City of New York,* 87 AD2d 645, 646; *Lodato v Town of Oyster Bay,* 68 AD2d 904). The plaintiffs simply have made no showing that the subject defect may have been caused or worsened by some action taken by the defendant. Accordingly, we hold that no cause of action has been made out against the defendant as a matter of law and that the motion for summary judgment should have been granted. Lawrence, J. P., Eiber, O'Brien and Copertino, JJ., concur.