■ BRIDGETT LaFORGUE, Respondent, v BARRY GARSSON, Appellant. [616 NYS2d 227] —In an action to recover damages for dental malpractice, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Putnam County (Hickman, J.), entered January 27, 1993, as, upon reargument, granted the plaintiff's motion to restore the matter to the trial calendar.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the plaintiff's motion to restore the action to the trial calendar is denied.

When the plaintiff sought to restore this action to the trial calendar two years after it had been marked off, it was incumbent upon her to state a reasonable excuse for her default and to submit evidentiary facts demonstrating the existence of a meritorious cause of action (see, Renne v Roven, 29 AD2d 866). The plaintiff failed to meet her burden on both these issues. The excuse was unsupported by evidentiary facts. A letter from the Judge who originally marked the case off the calendar is not a substitute for an affirmation or affidavit. The record is completely devoid of any evidence of a meritorious cause of action. In this dental malpractice action, it was incumbent upon the plaintiff to submit an affidavit from an

expert explaining the alleged malpractice. Even the letter submitted by the plaintiff did not discuss malpractice, but simply stated that plaintiff was undergoing continuing dental treatment.

Accordingly, the plaintiff's motion to restore should have been denied. Bracken, J. P., Miller, Copertino, Santucci and Altman, JJ., concur.