■ VELERIA E. BULLARD, Appellant, v HITCHCOCK PLAZA, INC., Respondent. (And a Third-Party Action.) [621 NYS2d 340] —Order, Supreme Court, New York County (Jane Solomon, J.), entered on or about October 25, 1993, which granted defendant's motion for summary judgment dismissing both the complaint and cross claims against it, unanimously affirmed, without costs.

Plaintiff claims that defendant negligently repaired a public sidewalk which abuts its premises, creating a condition which caused her to fall and sustain injury. It is well settled that only the municipality may be held liable for the negligent failure to repair defects and dangerous conditions in the public sidewalks *(Roark v Hunting,* 24 NY2d 470, 475). It is equally well settled that an owner of land abutting a public sidewalk does not, solely by reason of being an abutting owner, owe to the public a duty to keep the sidewalk in a safe condition *(Davi v Alhamidy,* 207 AD2d 859, 859-860). An abutting owner will be liable, however, if it negligently constructed or repaired the sidewalk or actually created the defect that caused the accident, or if the sidewalk was constructed in a special manner for the defendant's benefit *(supra).* No evidence was submitted that the sidewalk was ever

repaired; and defendant has submitted admissible evidence that it did not repair the sidewalk. Since the only evidence plaintiff submits in rebuttal speculates that some entity other than the City of New York was responsible for the condition of the sidewalk, plaintiff has not met her burden of rebutting defendant's evidence and summary judgment was properly granted *(Zuckerman v City of New York,* 49 NY2d 557, 562). Concur—Ellerin, J. P., Ross, Williams and Tom, JJ.