■ JENNY PICCOLA, Respondent, v INCORPORATED VILLAGE OF VALLEY STREAM et al., Defendants, TOWN OF HEMPSTEAD, Respondent, and CHARLES HYMANSON, Appellant. [625 NYS2d 45] —In an action to recover damages for personal injuries, the defendant Charles Hymanson appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (McCarty, J.), dated September 23, 1993, as granted the branch of the motion of the Town of Hempstead which was for summary judgment dismissing his cross claim against it and denied his cross motion for summary judgment dismissing the complaint insofar as it is asserted against him and dismissing all of the cross claims against him.

Ordered that the order is modified, on the law, by deleting the provision thereof which denied the appellant's cross motion and substituting therefor a provision granting the cross motion, dismissing the complaint insofar as it is asserted against the appellant, and dismissing all of the cross claims against him; as so modified, the order is affirmed insofar as appealed from, with costs to the appellant payable by the plaintiff.

The evidence, viewed in the light most favorable to the plaintiff, establishes that she tripped on a raised slab of sidewalk in front of the premises owned by the defendants Charles and Anne Kaiser at 54 Olsen Street, Valley Stream, New York. Although there is evidence in the record that the appellant repaved his driveway and the sidewalk adjoining the raised slab a few years before the accident, there is no evidence that the repaving was done in a negligent manner or that it created or exacerbated the defect (see, Davi v Alhamidy, 207 AD2d 859; Yass v Deepdale Gardens, 187 AD2d 506, 507). Accordingly, there is no issue of fact regarding the appellant's liability.

Since the appellant cannot be held liable for the plaintiff's injuries, the issue of the validity of his cross claim against the Town of Hempstead is academic. In any event, the appellant's contentions with respect to the cross claim are without merit (see, Misek-Falkoff v Village of Pleasantville, 207 AD2d 332;

*Ferris v County of Suffolk,* 174 AD2d 70). Thompson, J. P., Lawrence, Hart and Goldstein, JJ., concur.