■ HELEN DARRINGER, Appellant, v DONALD FURTSCH, Respondent, and CITY OF WHITE PLAINS, Appellant. [639 NYS2d 98]

The plaintiff allegedly sustained injuries when she tripped and fell on a raised portion of a public sidewalk adjacent to an apartment building located at 240 Martine Avenue in the City of White Plains. The plaintiff brought the present action against Donald Furtsch (hereinafter the respondent) who owned the apartment building abutting the sidewalk, and the City of White Plains.

The respondent's motion for summary judgment was properly granted. "It is well settled that a landowner will not be liable to a pedestrian injured by a defect in a public sidewalk abutting the landowner's premises unless 'the landowner created the defective condition or caused the defect to occur because of some special use, or unless a statute or ordinance placed the obligation to maintain the sidewalk upon him'" *(Bloch v Potter,* 204 AD2d 672, 673, quoting *Surowiec v City of New York,* 139 AD2d 727, 728; *see, Yass v Deepdale Gardens,* 187 AD2d 506; *Giammarino v Angelo's Royal Pastry Shop,* 168 AD2d 423, 424; *Conlon v Village of Pleasantville,* 146 AD2d 736, 737). While the placement of a receptacle in the public sidewalk to enable the respondent's apartment building to receive deliveries of heating oil constituted a special use *(see, Schechtman v Lappin,* 161 AD2d 118, 120-121; *Santorelli v City of New York,* 77 AD2d 825), there was no evidence that the

receptacle created the condition which caused the plaintiff's fall. Rather, the plaintiff testified that the condition which caused her fall was created by a tree whose roots had apparently raised the concrete flags of the sidewalk. Thus, there was no triable issue of fact as to whether the respondent's "special use" of the sidewalk created the condition which allegedly caused the plaintiff's fall *(see, Yass v Deepdale Gardens, supra; Surowiec v City of New York, supra; cf., Schechtman v Lappin, supra; Santorelli v City of New York, supra)*. Mangano, P. J., Thompson, Friedmann, Florio and McGinity, JJ., concur.