■ ANA L. FIGUEROA, Respondent, v CITY OF NEW YORK et al., Defendants, and WINDSOR PARK, Appellant. [642 NYS2d 81] —In an action to recover damages for personal injuries, the defendant Windsor Park appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Price, J.), dated December 21, 1994, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint and all cross claims insofar as asserted against Windsor Park are dismissed, and the action against the remaining defendants is severed.

The plaintiff allegedly sustained injuries when she tripped and fell on a flagstone on a public sidewalk adjacent to an apartment building owned by the defendant Windsor Park. According to the photographs taken by the plaintiff, the defect in the pavement had been caused by the upward pressure of the roots of a nearby tree maintained by the City of New York.

"It is well settled that a landowner will not be liable to a pedestrian injured by a defect in a public sidewalk abutting the landowner's premises unless 'the landowner created the defective condition or caused the defect to occur because of some special use, or unless a statute or ordinance placed the obligation to maintain the sidewalk upon him'" (*Bloch v Potter,* 204 AD2d 672, 673, quoting *Surowiec v City of New York,* 139 AD2d 727, 728; *see also, Darringer v Furtsch,* 226 AD2d 337; *Yass v Deepdale Gardens,* 187 AD2d 506; *Conlon v Village of Pleasantville,* 146 AD2d 736, 737; *cf., Schechtman v Lappin,* 161 AD2d 118, 120-121; *Santorelli v City of New York,* 77 AD2d 825). Here, there was no indication that Windsor Park made any special use of or derived any particular benefit from the subject pavement, and its assistant corporate secretary submitted an affidavit in which he averred, following a search of the records of both the corporation and its managing agent, that it never maintained or repaired the subject sidewalk.

The motion of Windsor Park for summary judgment was opposed only by an affirmation from the plaintiff's attorney. The unsupported surmise of the plaintiff's attorney that further discovery might lead to information that Windsor Park somehow maintained the sidewalk or created the broken flagstone on which the plaintiff fell did not suffice to defeat the defendant's showing that it had no responsibility for the public pavement adjoining its premises (*see, e.g., Gaboff v City of New York,* 197 AD2d 560; *Yass v Deepdale Gardens, supra; Malkmes v Town of Brookhaven,* 184 AD2d 759; *Zizzo v City of New York,* 176 AD2d 722; *Surowiec v City of New York, supra; Orjuela v City of New York,* 87 AD2d 645). Thompson, J. P., Sullivan, Joy and Florio, JJ., concur.