■ RALPH GALINDEZ, JR., et al., Respondents, v CITY OF NEW YORK, Respondent, KYU CHON PARK et al., Appellants, et al., Defendants. [648 NYS2d 974] —In an action to recover damages for personal injuries, etc., the defendants Kyu Chon Park and Chung Cha Park appeal from an order of the Supreme Court, Kings County (Jackson, J.), dated January 12, 1996, which denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint and all cross claims are dismissed insofar as asserted against the appellants, and the action against the remaining defendants is severed.

Absent an obligation created by statute or ordinance, an abutting landowner or lessee owes no duty to the public to

keep a sidewalk in a safe condition unless the landowner or lessee creates a defective condition or uses it for a special purpose (*see, D'Ambrosio v City of New York,* 55 NY2d 454; *Hinkley v City of New York,* 225 AD2d 665; *Darringer v Furtsch,* 225 AD2d 577; *Rosales v City of New York,* 221 AD2d 329; *Otero v City of New York,* 213 AD2d 339; *Frank v City of New York,* 211 AD2d 478; *Tortora v Pearl Foods,* 200 AD2d 471; *Yass v Deepdale Gardens,* 187 AD2d 506; *Bullard v Hitchcock Plaza,* 211 AD2d 511).

Here, the defendant City of New York failed to produce evidentiary proof in admissible form establishing the existence of material questions of fact (*see, Israelson v Rubin,* 20 AD2d 668, *affd* 14 NY2d 887). The City's mere conclusory allegation of a special use by the abutting property owner is insufficient to defeat a motion for summary judgment (*see, Shields v Stevens,* 55 AD2d 1017). Bracken, J. P., Copertino, Altman and Hart, JJ., concur.