■ CAROL A. CARBONE, Respondent, v BABY PATHROSE et al., Appellants. [654 NYS2d 324] —In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Nassau County (DiNoto, J.), dated May 18, 1995, which denied their motion for summary judgment dismissing the complaint. Justice Bracken has been substituted for the late Justice Hart (*see, 22 NYCRR 670.1 [c]*).

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

It is well settled that in the absence of an ordinance or statute imposing liability, an abutting landowner can only be held liable for a defect in a public sidewalk if the landowner created the defective condition or caused the defect to occur because of some special use (*see, e.g., Gianna v Town of Islip*, 230 AD2d 824; *Figueroa v City of New York*, 227 AD2d 373). The defendants established that they neither created the defective

condition nor exercised any special use over the sidewalk, and the plaintiff submitted no evidence to the contrary (*see, e.g., Piccola v Incorporated Vil. of Val. Stream*, 213 AD2d 465; *Zawacki v Town of N. Hempstead*, 184 AD2d 697). Accordingly, the complaint must be dismissed. Bracken, J. P., Altman, Goldstein and McGinity, JJ., concur.