■ IRIS M. RODRIGUEZ et al., Respondents, v CITY OF NEW YORK, Respondent, and JOSEPH PISTILLI et al., Appellants. [712 NYS2d 47] —In an action to recover damages for personal injuries, etc., the defendants Joseph Pistilli and Anthony Pistilli appeal from so much of an order of the Supreme Court, Queens County (Taylor, J.), dated July 20, 1999, as, upon renewal, adhered to a prior determination in an order dated November 6, 1998, denying their motion for summary judg-

ment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order dated July 20, 1999, is reversed insofar as appealed from, on the law, with costs, the appellants' motion is granted, the complaint and all cross claims insofar as asserted against them are dismissed, the order dated November 6, 1998, is vacated, and the action against the remaining defendant is severed.

The plaintiff Iris Mulligan Rodriguez was allegedly injured when she tripped and fell on a public sidewalk abutting property owned by the appellants. She and her husband subsequently commenced this action against the appellants and the City of New York.

In support of their renewed motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, the appellants submitted evidence establishing that they did not make special use of the sidewalk, create the defective condition, or negligently repair the area where the injured plaintiff fell. The plaintiffs' speculation that the appellants may have repaired certain areas of the sidewalk, which were unrelated to the area where the injured plaintiff fell, was insufficient to raise a triable issue of fact (*see, Capobianco v Mari,* 267 AD2d 191; *Figueroa v City of New York,* 227 AD2d 373; *Yass v Deepdale Gardens,* 187 AD2d 506). Consequently, the Supreme Court erred in denying the appellants' motion for summary judgment. O'Brien, J. P., Sullivan, Altman and H. Miller, JJ., concur.