Matter of Strand v Grant (2004 NY Slip Op 51467(U))

[*1]

Matter of Strand v Grant

2004 NY Slip Op 51467(U)

Decided on September 24, 2004

Family Court, Suffolk County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 24, 2004

Family Court, Suffolk County
In the Matter of Angela Strand, Petitioner,
against
James Grant, Respondent.
V-18750-03/04A

Shlimbaum and Shlimbaum James D'Angelo, Esq.
Attorney for Petitioner, Attorney for Respondent
265 Main Street 1776 East Jericho Turnpike
P.O. Box Suite 2
Islip, New York 11751 Huntington, New York 11743

Jeffrey Arlen Spinner, J.
ORDERED that Respondent's motion is denied for the reasons hereinafter set forth.
 The Respondent seeks, inter alia, pursuant to CPLR 5015, an order vacating an Order of Custody issued by this Court on June 21, 2004. The request is based upon what the Respondent claims was excusable default, namely that the Respondent "completely misunderstood [his] right to be present in Court on May 20, 2004 to contest the allegations" and that he "misunderstood the Order to mean that [he] automatically lost [his] right of visitation with [his] children". (See Respondent's affidavit in support, paragraph 5). The Respondent further contends that he has a meritorious defense to the Petitioner's allegations. The Petitioner opposes the Respondent's request and cross-moves, in the event that the [*2]Respondent's motion is granted, for a temporary order granting her custody of the subject child Jeanne A. throughout the pendency of the action.
 On May 4th, 2004, the Petitioner Angela Strand commenced an Order to Show Cause seeking, inter alia, custody of Jeanne A., one of two children born of the marriage of the parties. The Petitioner already had custody of the second child, John B. and was seeking additionally to suspend all visitation between the Respondent and John B.. The above mentioned Order to Show cause was signed by the Hon. David Freundlich and was made returnable on the 20th day of May, 2004 in Part 1 of the Suffolk County Family Court. It should be noted that under common Family Court practice issues of custody and visitation are routinely made returnable before one of the available Court Attorney Referees. However, this matter was made returnable before this Honorable Court as the Court had approved and signed a stipulation of custody and visitation between the same parties only twelve days prior. The Order to Show Cause was personally served upon the Respondent on May 6, 2004 (which he concedes) and the matter was heard by this Court on May 20, 2004. Notwithstanding the appropriate service, the Respondent failed to appear and a default judgment was entered against him. Thereafter, on June 21, 2004, an Order Modifying Custody and Visitation was signed and entered by this Court.
 It is well settled that a party attempting to vacate a default judgment must establish both a reasonable excuse for the default and a meritorious defense . See, Roussodimou v. Zafriadis, 238 AD2d 568, 657 N.Y.S.2d 66 (2nd Dept. 1997). Here the Respondent argues that his "misunderstanding" of the Order to Show Cause to mean that he "automatically lost" his right of visitation with his children and that the language in the Order to Show Cause meant that "temporary custody would become permanent on May 20, 2004", should be viewed by this Court as a reasonable excuse for his failure to appear. The Court disagrees. As stated above, this Respondent is not a stranger to the Suffolk County Family Court or its process. A review of the Court's record reveals that the Respondent has appeared in several prior custody proceedings as well as a proceeding to modify his child support obligation. Of note is a proceeding initiated by the Respondent on November 14, 2003 wherein the Respondent sought custody of Jeanne A. This action was commenced by the Respondent via an Order to Show Cause containing language of great similarity to that appearing in the Order to Cause which the Respondent now purports to have "misunderstood" (See Petitioner's Answer and Cross -motion Exhibit A). A review of the Court's file reveals that on January 5, 2004 the Respondent appeared with counsel to prosecute his request for an Order of Custody. Undoubtedly, the Respondent understood that his request for modification was not "automatically" granted upon the signing of the Order to Show Cause. As such, his claim that he "misunderstood" the terms of the instant Order to Show Cause as being permanent in nature is, at best, disingenuous.
 
 Moreover, assuming arguendo that the Respondent has set forth an excusable default, he has failed to make the requisite showing of facts sufficient to establish that he has a meritorious defense as required by CPLR §5015. See, LaForgue v. Garsson, 207 AD2d 432, 616 N.Y.S.2d 227(2nd Dept. 1994); Montrose Concrete Products Corp. [*3]v. Silverite Const. Co., Inc., 68 AD2d 904, 414 N.Y.S.2d 213(2nd Dept. 1979). His assertions that, inter alia, that "the allegations of abuse as stated in paragraphs 9 and 15 [of the petition] are completely false", are conclusory, self-serving statements which are unsupported by any competent evidence. Mere self-serving conclusions are insufficient to establish a meritorious defense and, hence, are insufficient to
vacate the inquest and preclude entry of the Order Modifying Custody and Visitation.
 In light of the above, the Court need not address the Petitioner's Cross-motion as it has been rendered moot.
 Accordingly, the Respondent's motion is denied in its entirety.
 The foregoing constitutes the decision and order of this Court.
 HON. JEFFREY ARLEN SPINNER Judge of the Family Court Dated: September 24, 2004
**The names of the minor children have been altered for purposes of publication in order to ensure their privacy.