■ GOLDIE NEIBERG et al., Respondents, v. REMSENBURG REALTY CORPORATION et al., Appellants.— In an action by respondent Goldie Neiberg to recover damages for personal injuries and by her husband for medical expenses and loss of services, the appeals, by permission of this court, are from a determination of the Appellate Term affirming a judgment of the City Court of the City of New York, County of Kings, entered on a jury verdict in favor of respondents. The record discloses that the injuries sustained were the result of a fall on an allegedly defective sidewalk in front of 1520 Kings Highway, Brooklyn, owned by appellant Remsenburg Realty Corporation and leased to appellant Glenking Realty Corp., neither of which was in possession or control of the premises. The premises were occupied, maintained and controlled by a sublessee of Glenking Realty Corp., Kingsway Food Mart, Inc., not a party to the action. Respondent wife testified that a year and a half prior to the accident she saw the sidewalk being repaired and that two men in white aprons came out of the Kingsway Food Mart, Inc., and placed boxes over the boards which covered the freshly poured cement. The next day she noticed that the sidewalk was uneven, the repaired square being about an inch higher than the adjoining square. Order of the Appellate Term and judgment of the City Court reversed and complaint dismissed, with costs in all courts. The provisions in the lease with respect to sidewalk repairs, in the absence of proof that the sidewalk was used for private purposes, did not obligate either the abutting owner or the lessee to make repairs. The duty of maintaining the sidewalk in a safe condition is on the municipality. (*City of Rochester* v. *Campbell,* 123 N. Y. 405; *Metzroth* v. *City of New York,* 241 N. Y. 470.) If, however, an abutting owner creates the dangerous condition he is liable for injuries sustained by a pedestrian. (*Congreve* v. *Smith,* 18 N. Y. 79; *Mullins* v. *Siegel-Cooper Co.,* 183 N. Y. 129; *Nickelsburg* v. *City of New York,* 263 App. Div. 625.) Liability would ensue if the defective repairs were made, even though voluntarily. (*Marks* v. *Nambil Realty Co.,* 245 N. Y. 256.) There is, however, no proof that the condition complained of was caused, or that the defective repairs were made, by anyone representing the owner or lessee, or that the repairs were authorized by either. Nolan, P. J., Beldock, Murphy, Ughetta and Hallinan, JJ., concur.