■ AUDREY COLE, Respondent, v CITY OF ALBANY, Defendant, and ST. PETER'S HOSPITAL, Appellant. — Appeal from a judgment of the Supreme Court, entered June 6, 1979 in Albany County, upon a verdict rendered at a Trial Term, in favor of plaintiff. Plaintiff recovered a judgment of $45,000 against defendant St. Peter's Hospital, stemming from a fall on a sidewalk in front of the area of the emergency entrance to the hospital. Plaintiff sustained a broken left wrist. On appeal, defendant contends that the court erred in denying its motion for a directed verdict against plaintiff pursuant to CPLR 4401. We disagree. The pleadings alleged negligent design, construction and maintenance of a sidewalk by defendant. The record disclosed that the area where plaintiff fell was part of a driveway used by defendant for entrance to its emergency room. A special use of the sidewalk by the defendant was established in the record. Incidental to such special use was the responsibility on the part of defendant to keep the sidewalk in a reasonably safe condition. The pleadings alleged failure to maintain the sidewalk by defendant and alleged the dangerous condition thereof. The pleadings and the evidence adequately supported the theory of recovery against defendant under the liberal pleading requirements of the CPLR (see CPLR 3017, subd [a]; 3026). Defendant also argues that its motion to dismiss should have been granted on the ground that plaintiff was guilty of contributory negligence as a matter of law. A review of the trial testimony indicates that the question of plaintiff's contributory negligence was properly submitted to the jury. The evidence relating to this issue was subject to varying inferences and the resolution of the question was properly referred to the jury as triers of the facts (see *Barbeau v Hines,* 198 App Div 166, 171). Finally, we are unpersuaded by defendant's argument that the verdict was excessive. The verdict conforms in all respects to the evidence at trial. Plaintiff's wrist fracture resulted in injuries and pain still persisting in 1979, some four years after the fall. The verdict was not in an amount which would shock the conscience of the court *(Van Ullen v Grazadei,* 26 AD2d 606). Judgment affirmed, with costs. Mahoney, P.J., Sweeney, Kane, Mikoll and Herlihy, JJ., concur.