■ REGINA SCHWARTZ, Appellant, v C & B DAIRY PRODUCTS et al., Respondents. — In a negligence action to recover damages for personal injuries, plaintiff appeals from a judgment of the Supreme Court, Kings County (Jones, J.), dated October 27, 1981, which, upon the close of plaintiff's evidence granted defendants' motion to dismiss her complaint. Judgment reversed, on the law, and new trial granted, with costs to abide the event. This is a sidewalk slip-and-fall case involving an incident which occurred at about noon on April 6, 1978, in which the elderly plaintiff, walking on the sidewalk on New Utrecht Avenue in front of the loading dock area of defendants Yorio, C & B Dairy Products, and Country Brand Cheese Co. (hereinafter defendants), suddenly slipped in about half an inch to somewhat more than an inch of water flowing down a grade over defendants' property from a large pipe on their

building. In addition to these facts, as testified to by the plaintiff, there was evidence in the form of a deposition of defendant Anthony Yorio, the owner and operator of the wholesale cheese distribution business on the premises, that his trucks used the area for unloading. Yorio could not recall if his standard practice of hosing down his trucks as part of a clean-up operation had taken place at that time of the day. Nevertheless, the investigating police officer, who responded to the scene at about 1:40 P.M., found trucks in the area along with scattered puddles of water and damp areas from the sidewalk throughout the asphalt loading area, even though it had not rained that day. Given such evidence in plaintiff's case, the trial court erred when it ruled that plaintiff had failed to make out a prima facie case because "water flowing over a sidewalk, per se, without any more information, does not constitute a hazardous condition". In fact, plaintiff's case put before the jury evidence that the abutting owner was engaged in a practice of hosing down trucks used in his cheese business and that, although the owner could not recall if such operation had occurred at the time of the accident, the area was covered with water coming from defendants' building. This evidence was sufficient to permit the jury to draw an inference that plaintiff's fall was not occasioned solely by flowing water but by flowing water containing slippery cheese residue from defendants' trucks. Accordingly, the trial court should have denied defendants' motion to dismiss plaintiff's complaint. Gibbons, J. P., O'Connor, Brown and Boyers, JJ., concur.