■ ROSE TAMBARO et al., Respondents, v CITY OF NEW YORK, Respondent, and ANGELO A. TUMMINELLI, as Executor of VINCENT DIBELLA, Deceased, et al., Appellants.

It is alleged that on January 10, 1985, the plaintiff Rose Tambaro tripped in a hole in the sidewalk in front of premises located at 2375 86th Street, Brooklyn, New York. The property was owned by the defendant Tumminelli's decedents, and the defendant Henry Weiss was the owner and operator of a handbag store on the ground floor of the premises adjacent to the sidewalk involved in this accident.

In an examination before trial of the wife of the defendant Weiss, she testified that the nephew of the landlord had made repairs to the sidewalk in front of her store. Mrs. Weiss further testified that her store received deliveries of merchandise which were made over the sidewalk area in front of her store, but these deliveries consisted of only light boxes which were made by hand and did not involve wheeled deliveries.

The motions by the defendants Tumminelli and Weiss for summary judgment were denied by the Supreme Court, Kings County, on the ground that triable issues of fact exist. Upon review of the record, we conclude that the Supreme Court properly denied the motion of the defendant Tumminelli for summary judgment, but that summary judgment should have been granted to the defendant Weiss since neither the plain-

tiffs nor the codefendants demonstrated any triable issue of fact as to that defendant.

In order for the defendants to obtain summary judgment, it is necessary for them to establish, as a matter of law, that the plaintiffs' cause of action has no merit (CPLR 3212 [b]; *GTF Mktg. v Colonial Aluminum Sales*, 66 NY2d 965, 967). "On the other hand, to defeat a motion for summary judgment the opposing party must 'show facts sufficient to require a trial of any issue of fact' " *(see, Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1067, quoting from CPLR 3212 [b]; *see also, Zuckerman v City of New York*, 49 NY2d 557). Once a defendant has demonstrated, prima facie, that a cause of action is meritless, the burden shifts to the plaintiffs to lay bare their evidence to establish the existence of an issue of fact *(GTF Mktg. v Colonial Aluminum Sales, supra, at 967)*.

A municipality, in this case the City of New York, owes a duty to keep the public sidewalk in a reasonably safe condition *(D'Ambrosio v City of New York*, 55 NY2d 454, 462). If, however, an abutting property owner or storekeeper creates a dangerous condition by making defective repairs *(Foley v Liogys*, 124 AD2d 641; *Becker v City of New York*, 106 AD2d 595; *Friedman v Gearrity*, 33 AD2d 1044; *Neiberg v Remsenburg Realty Corp.*, 1 AD2d 1043, *lv denied* 2 AD2d 692), or by a special use of the sidewalk *(Forelli v Rugino*, 139 AD2d 489; *Schwartz v C & B Dairy Prods.*, 96 AD2d 1092), the abutting owner or storekeeper may be liable for injuries sustained by a pedestrian.

On review of a denial of a defendant's motion for summary judgment, a plaintiff is entitled to every favorable inference which can reasonably be drawn from the evidence. Applying this standard to the instant case, we find that triable issues of fact exist as to the creation of the alleged defect by the defendant Tumminelli's decedents so as to preclude the awarding of summary judgment in his favor *(see, e.g., Maida v Velella*, 69 NY2d 1026; *Ugarriza v Schmieder*, 46 NY2d 471, 474). Although the date of the repairs allegedly performed by the landlord's nephew was not firmly established in the examination before trial, the date and whether the repairs were a cause of the defect involved in the accident are factual issues to be further explored at trial.

However, as to the defendant Weiss, the plaintiffs have failed to adduce any evidence sufficient to raise a triable issue of fact. Hand deliveries of merchandise to the adjacent store by persons crossing the sidewalk was insufficient to establish a

triable issue as to a special use of the sidewalk which could have created the defective condition and it is not claimed that the defendant Weiss created a dangerous condition by making defective repairs. Accordingly, the motion of the defendant Weiss for summary judgment dismissing the complaint and the cross claims as against him should have been granted. Brown, J. P., Kunzeman, Spatt and Balletta, JJ., concur.