■ SHAUNA BIANCHINI, an Infant, by FRANK BIANCHINI, Her

Parent and Natural Guardian, et al., Respondents, v INCORPO-RATED VILLAGE OF NORTHPORT et al., Defendants, and NORTH-PORT MOVIE THEATER, Appellant.

On March 26, 1982, at approximately 9:30 P.M. the 15-year-old plaintiff was present in the defendant theater when the theater's personnel received a telephone call advising that a bomb had been placed in the theater. All of the patrons were safely evacuated from the premises. The infant plaintiff allegedly was struck and injured by a motor vehicle operated by another of the named defendants while she was crossing the street in front of the theater, and she thereafter commenced the instant action against several defendants, including the defendant theater.

The theater subsequently moved for summary judgment on the ground, *inter alia,* that it owed no duty of care to the plaintiff once she was safely evacuated from its premises and that the plaintiff could not establish that any conduct on the part of the theater was a proximate cause of her injuries. The Supreme Court, Suffolk County, denied the motion, reasoning that an issue of fact existed with regard to the alleged breach of the theater's duty of care to the plaintiff. We now reverse.

While we are cognizant of the well-settled principle that a property owner is required to exercise reasonable care with respect to those persons on its property *(see, Scurti v City of New York,* 40 NY2d 433), the record in the instant case reveals that the plaintiff's injuries occurred subsequent to her departure from the theater's property and while she was traversing a public street. The theater's personnel had undertaken no obligation to lead patrons across the street. Under these circumstances, the theater had no legal duty to protect the plaintiff from injury once she was evacuated from its premises; nor has the plaintiff raised a material triable issue of fact regarding the question of whether any conduct on the part of the theater was a proximate cause of the injuries sustained by the plaintiff *(see generally, Maida v Velella,* 69 NY2d 1026; *Pulka v Edelman,* 40 NY2d 781, *rearg denied* 41

NY2d 901; *Grandy v Bavaro,* 134 AD2d 957). Accordingly, the theater is entitled to summary judgment. Weinstein, J. P., Rubin, Spatt and Sullivan, JJ., concur.