■ ERIC McGEE, an Infant, by His Mother and Natural Guardian, LILLIAN McGEE, et al., Respondents, v CITY OF NEW YORK, Respondent, and MT. MORIAH PENTECOSTAL CHURCH OF GOD, INC., Appellant. [675 NYS2d 130] —In an action to recover damages for personal injuries, etc., the defendant Mt. Moriah Pentecostal Church of God, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Hutcherson, J.), dated December 10, 1997, as denied its motion, *inter alia,* for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Mt. Moriah Pentecostal Church of God, Inc., is granted, the complaint is dismissed insofar as asserted against that defendant, and the action against the remaining defendant is severed.

"It is well-settled that a landowner will not be liable to a pedestrian injured by a defect in a public sidewalk abutting the landowner's premises unless 'the landowner created the defective condition or caused the defect to occur because of some

special use, or unless a statute or ordinance placed the obligation to maintain the sidewalk upon him' * * * [and imposes] tort liability upon the landowner for injuries caused by a violation of that duty" (*Bloch v Potter,* 204 AD2d 672, 673, quoting *Surowiec v City of New York,* 139 AD2d 727, 728).

At his examination before trial, the infant plaintiff was presented with a photograph of the area of the incident and asked to identify the spot where he fell. He made a circle around a section of broken sidewalk which also had an oil cap once used by the defendant Mt. Moriah Pentecostal Church of God, Inc. (hereinafter the Church). Although the oil cap constitutes a special use, the injured plaintiff did not say that he tripped over the oil cap, but only pointed to a general area of the sidewalk where he tripped. This is insufficient to create an issue of fact as to whether the plaintiff tripped over the oil cap (*see generally, Rinaldi & Sons v Wells Fargo Alarm Serv.,* 39 NY2d 191, 196). Nor is there any evidence that the oil cap caused the sidewalk defect (*compare, Santorelli v City of New York,* 77 AD2d 825), and there was no obligation on the part of the Church to maintain the sidewalk beyond the confines of the special use (*see, Darringer v Furtsch,* 225 AD2d 577; *McCutcheon v National City Bank,* 265 App Div 878, *affd* 291 NY 509). Accordingly, the Church is entitled to summary judgment (*see, Zuckerman v City of New York,* 49 NY2d 557, 562).

In light of our determination, we need not reach the appellant's remaining contention. Sullivan, J. P., Pizzuto, Altman and Friedmann, JJ., concur.