■ ESTELLE R. REEB et al., Respondents-Appellants, v FRANK SELNES et al., Appellants-Respondents. (And Two Third-Party Actions.) [698 NYS2d 257] —In an action to recover damages for personal injuries, etc., the defendants Frank Selnes and Stephen P. Schipani appeal, and the defendant Roman Catholic Diocese of Brooklyn, New York, separately appeals, from so much of an order of the Supreme Court, Kings County (Bruno, J.), dated April 22, 1998, as denied their respective motions for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and the plaintiffs cross-appeal from so much of the same order as denied their cross motion, *inter alia*, for summary judgment on the complaint.

Ordered that the order is reversed insofar as appealed from, the motions are granted, and the complaint and cross claims insofar as asserted against the appellants-respondents are dismissed; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from by the plaintiffs; and it is further,

Ordered that the appellants-respondents appearing separately and filing separate briefs are awarded one bill of costs, payable by the plaintiffs.

On December 21, 1992, the plaintiff Estelle Ratner Reeb allegedly tripped and fell on a crack in the sidewalk abutting 113 and 115 Willoughby Street in Brooklyn. Those properties are owned by the defendant Roman Catholic Diocese of Brooklyn, New York, and the defendants Frank Selnes and Stephen P. Schipani, respectively. Upon the defendants' prima facie showing of entitlement to judgment as a matter of law, the plaintiffs were required to tender sufficient evidence to raise a triable issue of fact as to whether any of the defendants created the defect in the sidewalk, caused the defect to occur because of a special use, or negligently repaired the sidewalk (*see, Alessi v Zapolsky,* 228 AD2d 531; *Botfeld v City of New York,* 162 AD2d 652; *see,* CPLR 3212 [b]; *Alvarez v Prospect Hosp.,* 68 NY2d 320). Since the plaintiffs failed to do so, the defendants' respective motions for summary judgment are granted. Joy, J. P., Friedmann, Goldstein and McGinity, JJ., concur.