■ GENEVA MORRISON, Appellant, v INCORPORATED VILLAGE OF FREEPORT, Respondent. [725 NYS2d 866] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Carter, J.), dated February 10, 2000, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

Pursuant to Village Law § 6-628, prior written notice is a condition precedent to maintaining an action against the Village arising from a sidewalk defect (*see, Morzello v Village of Briarcliff Manor,* 260 AD2d 611, 612). It is undisputed that the defendant Village did not receive written notice of the alleged defects which caused the plaintiff to fall. Prior written notice requirements are inapplicable only where the locality created the defect or hazard through an affirmative act of negligence, or where a special use confers a special benefit upon the locality (*see, Amabile v City of Buffalo,* 93 NY2d 471, 474). In opposition to the defendant's prima facie showing of entitlement to summary judgment, the plaintiff failed to raise an issue of fact with respect to the exceptions to the prior written notice requirement. Accordingly, summary judgment was properly granted to the defendant. O'Brien, J. P., Altman, Luciano and Adams, JJ., concur.