■ Isabelle Lee, Individually and as Administrator of the Estate of Kenneth Lee, Plaintiff, v Leonard Flaum et al., Defendants and Third-Party Plaintiffs-Appellants. Robert Sogluizzo et al., Third-Party Defendants-Respondents. [733 NYS2d 205] —In an action, *inter alia*, to recover damages for personal injuries and wrongful death, the defendants third-party plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (R. Goldberg, J.), dated June 19, 2000, as granted the motion of the third-party defendants for summary judgment dismissing the third-party complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

"It is well settled that an out-of-possession owner or lessor is not liable for injuries that occur on the premises unless that entity retained control of the premises or is contractually obligated to repair the unsafe condition" (*Carvano v Morgan*, 270 AD2d 222, 223; *see also, Bolden v New Mark & Co.*, 270 AD2d 221; *Stark v Port Auth.*, 224 AD2d 681). Under the terms of the lease in this case, the appellant landlords were responsible for "all major repairs" and the tenants were only responsible for "minor repairs." At his deposition, the defendant Leonard Flaum, one of the landlords, stated that a repair such as replacing "a concrete block of a sidewalk" would be considered "major" and was thus his obligation. Accordingly, it is clear from the record that any repair designed to address the allegedly substantial defect upon which the plaintiff's decedent fell was the obligation of the landlords under the lease. Since the tenants established their prima facie entitlement to judgment as a matter of law, and the landlords failed to raise a triable issue of fact, summary judgment dismissing the third-party complaint was properly granted in favor of the tenants. Santucci, J. P., Altman, Townes and Crane, JJ., concur.