■ Luz M. Reinoso, Respondent, v City of New York, Defendant, and Joseph Robles, Appellant. (And a Third-Party Action.) [733 NYS2d 130] —In an action to recover damages for personal injuries, the defendant Joseph Robles appeals from an order of the Supreme Court, Kings County (Jones, J.), dated January 8, 2001, which denied his motion for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendant is severed.

The plaintiff allegedly tripped and fell on a black bag on the sidewalk in front of premises owned by the appellant, thereby sustaining personal injuries.

The owner or the lessee of land abutting a public sidewalk owes no duty to keep the sidewalk in a safe condition (*see, Hausser v Giunta,* 88 NY2d 449; *Ritts v Teslenko,* 276 AD2d 768). However, the abutting landowner or lessee may be held liable where he creates a hazardous condition on the sidewalk (*see, Ritts v Teslenko, supra*). In the case at bar, any claim on the part of the plaintiff that the appellant created the allegedly hazardous condition was based on mere speculation (*see, Frankie v Glen Cove Hous. Auth.,* 276 AD2d 668). Therefore, the appellant's motion for summary judgment should have

been granted. Ritter, J. P., Goldstein, Friedmann, Feuerstein and Crane, JJ., concur.