■ JOSEPH PERRICONI, Respondent, v ST. JOHN'S PREPARATORY HIGH SCHOOL, et al., Appellants. (And a Third-Party Action.) [736 NYS2d 698] —In an action to recover damages for personal injuries, the defendant St. John's Preparatory High School appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Flug, J.), dated December 14, 2000, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it, and the defendant Paris Maintenance Company, Inc., separately appeals, as limited by its brief, from so much of the same order as denied its separate motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with one bill of costs, the motions are granted, and the complaint is dismissed.

The plaintiff allegedly was injured when he tripped and fell on a raised and cracked portion of the public sidewalk abutting property owned by the defendant St. John's Preparatory High School and maintained by the defendant Paris Maintenance Company, Inc. An abutting landowner will be liable to a pedestrian injured by a defect in a public sidewalk when the owner either created the defect or caused it to occur by a special use, or when a statute or ordinance obligates the owner to maintain the sidewalk and makes the owner liable for injuries caused by a breach of that obligation (see, Capobianco v Mari, 267 AD2d 191). Although there was evidence that the defendants repaired the sidewalk on the block where the plaintiff fell, they made a prima facie showing of their entitlement to judgment as a matter of law by relying upon the plaintiff's own deposition testimony that no repairs had been made in the area where the accident occurred (see, Yass v Deepdale Gardens, 187 AD2d 506). In opposition, the plaintiff failed to raise a triable issue of fact. Consequently, summary judgment should have been granted to the defendants. Goldstein, J.P., McGinity, Luciano and Crane, JJ., concur.