■ ALBERT LATTANZI et al., Respondents, v RICHMOND BAGELS, INC., Appellant. [737 NYS2d 391] —In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Richmond County (Lebowitz, J.), dated October 26, 2001, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The injured plaintiff allegedly slipped and fell on a piece of fruit on the sidewalk in front of the premises occupied by the defendant, sustaining personal injuries.

The owner or the lessee of land abutting a public sidewalk owes no duty to keep the sidewalk in a safe condition (*see, Hausser v Giunta,* 88 NY2d 449, 452-453; *Reinoso v City of New York,* 288 AD2d 455; *Ritts v Teslenko,* 276 AD2d 768). An abutting landowner or lessee may not be held liable for a hazardous condition on the sidewalk unless it created the condition or caused the condition to occur because of some special use, or unless a statute or ordinance places the obligation to maintain the sidewalk upon it (*see, Gaynor v City of New York,* 259 AD2d 733; *McGee v City of New York,* 252 AD2d 483; *Surowiec v City of New York,* 139 AD2d 727, 728).

There is no evidence that the defendant created the allegedly hazardous condition on the sidewalk, that the allegedly hazardous condition occurred because of the defendant's special use of the sidewalk, or that a statute or ordinance imposed an obligation on the defendant to maintain the abutting sidewalk. Therefore, the defendant's motion for summary judgment should have been granted. Santucci, J.P., Goldstein, Luciano, Schmidt and Crane, JJ., concur.