■ LISA CALCATERRA et al., Appellants, v HOME FEDERAL SAVINGS BANK et al., Respondents. [741 NYS2d 883] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Milano, J.), dated July 13, 2001, as granted those branches of the motion of the defendant Home Federal Savings Bank, and the separate motion of the defendants Jules Rabin and Sherwood Newman, individually and doing business as S&S Realty Co., which were for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

An abutting landowner will not be liable for an injury to a passing pedestrian caused by a defect in a public sidewalk unless the landowner created the defective condition, caused it to occur through some special use, or a statute or ordinance places the maintenance obligation on the landowner *and* imposes tort liability for a failure to do so (*see Perriconi v St. John's Preparatory High School,* 290 AD2d 546; *Meyer v Guinta,* 262 AD2d 463; *Waldron v City of New York,* 260 AD2d 471).

In this case, pursuant to the lease between the defendants Jules Rabin and Sherwood Newman, individually and doing business as S&S Realty Co. (hereinafter the landlords), and the defendant Home Federal Savings Bank (hereinafter the bank), sidewalk maintenance was the responsibility of the landlords. Thus, the bank demonstrated its entitlement to summary judgment based upon the lease (*see Lee v Flaum,* 288 AD2d 272). The landlords demonstrated, prima facie, that they neither created the defect in the sidewalk, nor caused it to exist by virtue of their special use thereof (*see Perriconi v St. John's Preparatory High School, supra; Benenati v City of New York,* 282 AD2d 418). In opposition, the plaintiffs failed to demonstrate the existence of any triable issue of fact. Thus, the Supreme Court properly granted those branches of the defendants' separate motions which were for summary judgment dismissing the complaint insofar as asserted against them. Santucci, J.P., S. Miller, Krausman and Goldstein, JJ., concur.