■ PERETZ Z. SKOLNIK, Respondent, v CITY OF NEW YORK et al., Respondents, and FARHAD KOHAN, Appellant. [745 NYS2d

200] —In an action to recover damages for personal injuries, the defendant Farhad Kohan appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Bruno, J.), entered April 10, 2001, as denied his motion for summary judgment dismissing the complaint and cross claims insofar as asserted against him.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, the motion is granted, the complaint and cross claims are dismissed insofar as asserted against the defendant Farhad Kohan, and the action against the remaining defendant is severed.

The plaintiff was injured when he fell over a raised portion of the sidewalk which abutted properties owned by the defendant Farhad Kohan and the defendants Jacov Weiss and Hedwig Weiss. It is well settled that the owner of land abutting a public sidewalk owes no duty to keep the sidewalk in a safe condition (*see Hausser v Giunta,* 88 NY2d 449; *Reinoso v City of New York,* 288 AD2d 455; *Ritts v Teslenko,* 276 AD2d 768). Nevertheless, the adjoining landowner may be held liable where he or she creates a hazardous condition on the sidewalk (*see Lattanzi v Richmond Bagels,* 291 AD2d 434; *Gaynor v City of New York,* 259 AD2d 733).

The Supreme Court concluded that there was an issue of fact as to whether Kohan created a hazardous condition when he allegedly patched the sidewalk with asphalt after the City of New York removed a tree. Kohan denies that he made any repair to the sidewalk. However, even assuming that Kohan made such a repair, this was not the proximate cause of the plaintiff's injuries, nor did it contribute to the happening of the accident. Accordingly, Kohan was entitled to summary judgment dismissing the complaint and cross claims insofar as asserted against him (*see Winberry v City of New York,* 257 AD2d 618; *Nguyen v Brentwood School Dist.,* 239 AD2d 406). Santucci, J.P., Altman, H. Miller and Cozier, JJ., concur.