LILLIAN PORTANOVA, Respondent, v DYNASTY MEAT CORP., Doing Business as FOOD DYNASTY SUPERMARKET, Appellant. [747 NYS2d 591]

The plaintiff commenced the instant action to recover damages for personal injuries allegedly suffered by her when she slipped on "blood from meat, pieces of skin, chicken and grease" on a public sidewalk adjacent to the defendant's supermarket. The defendant moved for summary judgment dismissing the complaint. The Supreme Court denied the motion, finding that there were questions of fact.

The owner or the lessee of land abutting a public sidewalk owes no duty to keep the sidewalk in a safe condition (*see Hausser v Giunta,* 88 NY2d 449; *Lattanzi v Richmond Bagels,* 291 AD2d 434; *Reinoso v City of New York,* 288 AD2d 455). However, the abutting landowner or lessee may be held liable where he creates a hazardous condition on the sidewalk (*see Reinoso v City of New York, supra*).

In the instant case, the defendant met its initial burden of showing, as a matter of law, that it did not create the condition upon which the plaintiff slipped (*see Hausser v Giunta, supra; Lattanzi v Richmond Bagels, supra*). In opposition to the defendant's prima facie showing in support of its motion for summary judgment, the plaintiff failed to raise a triable issue of fact to show that the defendant created the allegedly hazardous condition on the sidewalk (*see Vinicio v Marriott Corp.,* 217 AD2d 656). There is no evidence, only speculation, that the allegedly hazardous condition was caused by the defendant (*see Lattanzi v Richmond Bagels, supra; Breuer v Wal-Mart Stores,*

289 AD2d 276; *Reinoso v City of New York, supra*; *Licatese v Waldbaums, Inc.*, 277 AD2d 429; *Ramatowski v City of New York,* 284 AD2d 318; *Goldman v Waldbaum, Inc.,* 248 AD2d 436). Therefore, the defendant's motion for summary judgment should have been granted. Altman, J.P., Smith, H. Miller and Adams, JJ., concur.