■ DELORES CASTRO, Appellant, v MARBLE HALL APARTMENTS, INC., et al., Respondents, et al., Defendants. [755 NYS2d 248] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Barone, J.), entered March 6, 2002, as granted that branch of the motion of the defendants Marble Hall Apartments, Inc., and Empire State Management which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The owner of land abutting a public sidewalk owes no duty to keep the sidewalk in a safe condition (*see Hausser v Giunta,* 88 NY2d 449, 452-453 [1996]; *Lattanzi v Richmond Bagels,* 291 AD2d 434 [2002]; *Reinoso v City of New York,* 288 AD2d 455 [2001]; *Ritts v Teslenko,* 276 AD2d 768 [2000]). However, an abutting landowner may be held liable, inter alia, for creating a hazardous condition on the sidewalk (*see Hausser v Giunta, supra; Calcaterra v Home Fed. Sav. Bank,* 294 AD2d 324 [2002]; *Reinoso v City of New York, supra; Leggio v County of Nassau,* 281 AD2d 518, 518-519 [2001]; *Ritts v Teslenko, supra*).

The defendants Marble Hall Apartments, Inc., and Empire State Management made a prima facie showing of entitlement to judgment as a matter of law that they did not create the defect that allegedly caused the plaintiff to fall (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]). In opposition, the plaintiff did not raise a triable issue of fact (*see Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]). Therefore, the Supreme Court properly granted that branch of the respondents' motion which was for summary judgment dismissing the complaint insofar as asserted against them. Smith, J.P., Goldstein, Crane and Rivera, JJ., concur.