■ ELENA DIAZ et al., Respondents, v ROSALIA VIENI, Appellant. [758 NYS2d 98] —In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Kings County (M. Garson, J.), dated May 8, 2002, which denied her motion for summary judgment dismissing the complaint. Justice Goldstein has been substituted for the late Justice O'Brien (*see* 22 NYCRR 670.1 [c]).

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The infant plaintiff Elena Diaz was injured when she allegedly tripped and fell on the sidewalk adjacent to premises owned by the defendant. At the time of the accident, the infant plaintiff was with the plaintiff Secundino Diaz, her father, who was using a pay telephone approximately two feet away. After the plaintiffs commenced this action, the defendant moved for summary judgment dismissing the complaint. The Supreme Court denied her motion.

"An abutting landowner will be liable to a pedestrian injured by a defect in a public sidewalk when the owner either created the defect or caused it to occur by a special use, or when a statute or ordinance obligates the owner to maintain the sidewalk and makes the owner liable for injuries caused by a breach of that obligation" (*Perriconi v St. John's Preparatory High School,* 290 AD2d 546 [2002]). Here, the defendant made a prima facie showing of entitlement to judgment as a matter of

law by denying that she made any repairs to the sidewalk before the accident. Even the adult plaintiff testified at his examination before trial that although he walked by the subject property "every morning," he never saw anyone doing work on the sidewalk before the accident (*see Perriconi v St. John's Preparatory High School, supra*). Nor is there evidence establishing that the defendant caused the defect in the sidewalk to occur by a special use such as placement and use of the pay telephone (*see Poirier v City of Schenectady,* 85 NY2d 310, 315 [1995]; *Salas v City of Yonkers,* 294 AD2d 419 [2002]; *Noto v Mermaid Rest.,* 156 AD2d 435, 436 [1989]; *cf. Feldman v Kings Hero Rest.,* 270 AD2d 1 [2000]).

In opposition, the plaintiffs failed to raise a triable issue of fact (*see Reeb v Selnes,* 266 AD2d 271 [1999]). We note that the regulations referenced in the affidavit of the plaintiffs' expert submitted in opposition to the motion do not impose tort liability on an abutting landowner for failing to maintain the abutting public sidewalk (*see Scalici v City of New York,* 215 AD2d 744 [1995]). Consequently, summary judgment should have been granted to the defendant. Ritter, J.P., Feuerstein, Goldstein and Luciano, JJ., concur.