■ BEVERLY LOWENTHAL et al., Appellants, v THEODORE H. HEIDRICH REALTY CORP. et al., Respondents. [759 NYS2d 497] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Joseph, J.), dated April 10, 2002, as granted the respective motions of the defendants Eleanor Heidrich, Inc., and Arthur Copeland Cleaners, and the defendant Incorporated Village of Cedarhurst, for summary judgment dismissing the complaint insofar as asserted against them, and (2) from an order of the same court, dated July 15, 2002, which granted the motion of the defendant Theodore H. Heidrich Realty Corp. for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order dated April 10, 2002, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated July 15, 2002, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

The plaintiff Beverly Lowenthal allegedly sustained personal injuries when she tripped and fell on a sidewalk slab raised by expanding tree roots. The incident occurred within the jurisdiction of the defendant Incorporated Village of Cedarhurst outside of commercial premises leased to the defendant Eleanor Heidrich, Inc., and the defendant Arthur Copeland Cleaners (hereinafter the tenants) by the owner, the defendant Theodore Heidrich Realty Corp. (hereinafter the owner).

The Village made a prima facie showing of entitlement to

judgment as a matter of law. In opposition, the plaintiffs failed to raise a triable issue of fact. In particular, the plaintiffs concede that the Village did not receive prior notice of the alleged defect in the sidewalk, as required by Village Law § 6-628 and CPLR 9804. Nonetheless, they claim that summary judgment should not have been granted to the Village, as there is an issue of fact with respect to whether it created the condition through its affirmative negligence (*see Morrison v Incorporated Vil. of Freeport,* 283 AD2d 621 [2001]; *Pamas v Dickson,* 267 AD2d 219 [1999]). We disagree. Although there is no evidence that the Village planted the tree in question, even assuming that it had, such an act, in addition to the Village's failure to control the roots of the tree, would at most constitute nonfeasance, not affirmative negligence (*see Monteleone v Incorporated Vil. of Floral Park,* 74 NY2d 917 [1989]; *Zizzo v City of New York,* 176 AD2d 722 [1991]; *Michela v County of Nassau,* 176 AD2d 707 [1991]). Accordingly, the Supreme Court properly granted the Village's motion for summary judgment.

Further, the Supreme Court properly granted the tenants' motion for summary judgment. "The owner or the lessee of land abutting a public sidewalk owes no duty to keep the sidewalk in a safe condition" (*Lattanzi v Richmond Bagels,* 291 AD2d 434 [2002]). Liability may only be imposed on the abutting owner or lessee where it either created the condition, voluntarily but negligently made repairs, caused the condition to occur because of some special use, or violated a statute or ordinance placing upon the owner or lessee the obligation to maintain the sidewalk which imposes liability upon that party for injuries caused by a violation of that duty (*see McGee v City of New York,* 252 AD2d 483 [1998]; *Bloch v Potter,* 204 AD2d 672 [1994]). The tenants made a prima facie showing of entitlement to judgment as a matter of law. The affidavits of the plaintiffs' experts were insufficient to raise a triable issue of fact, as their opinions were based solely on reviews of unauthenticated photographs of the accident scene (*see Banks v Freeport Union Free School Dist.,* 302 AD2d 341 [2003]; *Gutierrez v Cohen,* 227 AD2d 447 [1996]), and, in any event, were submitted on the issue of the tenants' alleged constructive notice of the alleged defect, which is immaterial, as the authorities cited above make clear.

Finally, the owner made a prima facie showing of entitlement to judgment as a matter of law. There was no evidence that it created the alleged defect, voluntarily but negligently made repairs to the sidewalk before the accident, caused the condition to occur because of some special use, or violated a

statute or ordinance which imposes liability on the abutting entity for failure to repair (*see Loforese v Cadillac Fairview Shopping Ctrs., U.S.,* 235 AD2d 399 [1997]). As the plaintiffs failed to raise a triable issue of fact regarding the owner's alleged negligence, the Supreme Court properly granted the owner's motion for summary judgment.

The plaintiffs' remaining contentions are without merit. Feuerstein, J.P., Smith, H. Miller and Townes, JJ., concur.