*567 In a consolidated action to recover damages for personal injuries, the defendants Michael Maskaron and Geraldine Maskaron appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (RE. Rivera, J.), dated February 22, 2002, as denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.
Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint and all cross claims insofar as asserted against the appellants are dismissed, and the action against the remaining defendants is severed.
To hold an abutting landowner liable to a pedestrian injured by a defect in a public sidewalk, the landowner must have either created the defect, caused it to occur by a special use, or breached a specific ordinance or statute which obligates the owner to maintain the sidewalk (see Diaz v Vieni, 303 AD2d 713 [2003]; Perriconi v St. John’s Preparatory High School, 290 AD2d 546 [2002]; see also Kaufman v Silver, 90 NY2d 204 [1997]). Here, the appellants established their prima facie entitlement to summary judgment by demonstrating that they did not create the defective condition or cause it to occur through the special use of the public sidewalk as a driveway, and no statute or ordinance conferred liability upon them at the time of the incident in question (see Ivanyushkina v City of New York, 300 AD2d 544 [2002]; Benenati v City of New York, 282 AD2d 418, 419 [2001]; Kaszovitz v Weiszman, 110 AD2d 117, 120 [1985]). In opposition, the plaintiff failed to demonstrate the existence of a triable issue of fact regarding, inter alia, the defendants’ alleged special use of the sidewalk. Accordingly, the appellants’ motion should have been granted and the complaint and all cross claims insofar as asserted against them dismissed. Prudenti, P.J., Altman, Smith and Crane, JJ., concur.