Brown v 324 Livingston Footwears, Inc. (2003 NY Slip Op 51526(U))

[*1]

Brown v 324 Livingston Footwears, Inc.

2003 NY Slip Op 51526(U)

Decided on December 24, 2003

Supreme Court Kings County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 24, 2003

Supreme Court Kings County
 EDWARD BROWN, HELEN FARHOUD, and THABIT FARHOUD, Plaintiffs, vs.
against
324 LIVINGSTON FOOTWEARS, INC., Defendant.
Index No. 16849/98

Yvonne Lewis, J.
The Defendant has cross moved this Court for summary judgment on the issue of liability as pertains to the Plaintiffs' falls within fifteen minutes of each other on the sidewalk adjacent to Coward Shoe Store, which it was operating. The relief sought is predicated on the fact that the Defendant claims to have had no obligation to maintain the accident site, as owner, lessee, or otherwise. In support of that contention, the Defendant notes 1. that ". . .a property owner has no duty to maintain a public sidewalk owned by the municipality abutting the property." (citing, DiAmbrosio v. New York, 55 NY2d 454, 450 NYS2d 149; Conlon v. Village of Pleasantville, 146 AD2d 736; Zawacki v. North Hempstead, 184 AD2d 697, 585 NYS2d 93; Bentley v. Amsterdam, 170 AD2d 725; and Hughes v. CNY, 25 AD2d 617, 268 NYS2d 985); 2. that "an abutting property owner may be liable for defective conditions on a public sidewalk [only] where the property [owner] had derived a special benefit from the use of that public sidewalk (citing, Cole v. Albany, 80 AD2d 656, 436 NYS2d 413; Wylie v. New York, 286 AD720, 146 NYS2d 207); and, that 3. "an abutting property owner may also be liable if the owner created the defective condition, such as where the owner takes on the responsibility to remove the snow and ice from a public sidewalk and does the job negligently (citing, Korbet v. Consolidated Edison Co., 76 AD2d 785; Mendoza v. City of New York, 205 AD2d 741, 613 NYS2d 695; Tambaro v. New York, 140 AD2d 331, 527 NYS2d 558; Davenport v. Apostol, 26 AD2d 874.
The Plaintiff, in opposition, asserts the Defendant cannot absolve itself of liability for the subject accidents, since on 12/30/92, it had entered into a written lease with Asnor Properties, LLC. regarding 204 Livingston Street, wherein Article 4 required that the "tenant shall. . .take good care of the demised premises and the sidewalks adjacent thereto. . ." In addition, the Plaintiff notes that an Asnor representative has been deposed and testified that the duty to maintain the adjacent sidewalk the accident site had been contracted to the Defendant. [*2]Accordingly, the Plaintiff argues that as a consequence of the foregoing contractual obligations, issues of fact certainly arise as to whether 1. the Defendant was responsible for the defective condition at the accident site; to wit, a dangerously uneven surface with a height difference of approximately 3 inches in front of 203-209 Livingston Street, Brooklyn, NY; and 2. the accident site was occupied, managed, and/or controlled by the Defendant.
In the matter of Jeanty v. Benin, et. al., 2003 WL 22799201; 2003 NY Slip Op. 18812, the Appellate Division, 2nd Department recently pronounced that "to hold an abutting landowner liable to a pedestrian injured by a defect in a public sidewalk, the landowner must have either created the defect, caused it to occur by a special use, or breached a specific ordinance or statute which obligates the owner to maintain the sidewalk (citing, Diaz v. Vieni, 303 AD2d 713, 758 NYS2d 98; Perriconi v. St. John's Prepatory High School, 290 AD2d 546, 736 NYS2d 698; and Kaufman v. Silver, 90 NY2d 204, 659 NYS2d 250). The Court also went on to note that the Plaintiff had failed to demonstrate the existence of any triable issues of fact regarding, inter alia, the Defendants' alleged special use of the sidewalk. In the matter of Lowenthal v. Theodore H. Hendrich Realty Corp., 304 AD2d 725, 759 NYS2d 497), the Court again held that "the owner or the lessee of land abutting a public sidewalk owes no duty to keep the sidewalk in a safe condition" (citing Lattanzi v. Richmond Bagels, 291 AD2d 434, 737 NYS2d 391) The Court additionally stressed that "Liability may only be imposed on the abutting owner or lessee where it either created the condition, voluntarily but negligently made repairs, caused the condition to occur because of some special use, or violated a statute or ordinance placing upon the owner or lessee the obligation to maintain the sidewalk which imposes liability upon that party for injuries caused by a violation of that duty (citing, McGee v. City of New York, 252 AD2d 483, 675 NYS2d 130; Bloch v. Potter, 204 AD2d 672, 612 NYS2d 236). As in the aforementioned matters, the Plaintiff herein has failed to demonstrate that the Defendant "created the alleged defect, voluntarily but negligently made repairs to the sidewalk before the accident, caused the condition to occur because of some special use, or violated a statute of ordinance which imposes liability on the abutting entity for failure to repair." Consequently, the Defendant's motion for summary judgment on the issue of liability is granted in its entirety. This constitutes the decision and Order of this Court.
 JSC
Decision Date: December 24, 2003