■ KENRICK LAU, Appellant, v CITY OF NEW YORK, Defendant, and SWEETBROOK NURSERY & GARDEN et al., Respondents. [802 NYS2d 254]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Richmond County (Mega, J.), dated September 15, 2003, as granted the cross motion of the defendants Sweetbrook Nursery & Garden and Illiano Landscape Contracting for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the cross motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Sweetbrook Nursery & Garden and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff payable by the defendant Sweetbrook Nursery & Garden, and the complaint is reinstated insofar as asserted against the defendant Sweetbrook Nursery & Garden.

The plaintiff was injured as he was crossing the street when he slipped on sand and dirt which had accumulated in a crosswalk. The defendant Sweetbrook Nursery & Garden (hereinafter Sweetbrook) operated a business adjacent to the crosswalk and was in the process of constructing a sidewalk and completing the roadway when the accident occurred.

A triable issue of fact exists which precluded the grant of summary judgment to the defendant Sweetbrook (see CPLR 3212 [b]).

With respect to the defendant Illiano Landscape Contracting (hereinafter Illiano), the plaintiff failed to raise a triable issue of fact in opposition to the prima facie showing of entitlement to summary judgment made by Illiano. The unrefuted evidence demonstrated that Illiano, a non-owner which did not employ the independent contractor that performed the work on the sidewalk and roadway, did not create or contribute to the complained-of defect (see Skolnik v City of New York, 296 AD2d 454, 455 [2002]; Bianchini v Incorporated Vil. of Northport, 140 AD2d 574, 575 [1988]; Tortora v Pearl Foods, 200 AD2d 471 [1994]). Prudenti, P.J., Crane, Goldstein and Mastro, JJ., concur.