■ Teresa Leon, Respondent, v Joseph L. Balkan Incorporated, Appellant, and Sutton Street Realty Corp. et al., Respondents. (And a Third-Party Action.) [814 NYS2d 706]—

In an action to recover damages for personal injuries, the defendant Joseph L. Balkan Incorporated appeals, as limited by its brief, from so much of the order of the Supreme Court, Kings County (Schneier, J.), dated July 15, 2005, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs to the plaintiff.

The plaintiff fell and was injured on a depressed and/or missing portion of sidewalk. It is undisputed that the appellant, Joseph L. Balkan Incorporated, had previously performed work in that area, including the removal of a portion of the sidewalk, to install water and sewer pipes. The appellant failed to establish its prima facie entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). The evidence submitted with its moving papers was insufficient to demonstrate that it had properly repaired and restored the sidewalk before the plaintiff's accident or that the defective condition was caused and/or created by other entities (*see Lau v City of New York*, 22 AD3d 529 [2005]; *Adler v Suffolk County Water Auth.*, 306 AD2d 229 [2003]; *Atiles v City of New York*, 279 AD2d 543 [2001]). Accordingly, the Supreme Court properly denied the appellant's motion for summary judgment. Ritter, J.P., Mastro, Lunn and Covello, JJ., concur.