■ TRACY RIVERS, Respondent, v CITY OF NEW YORK, Respondent, and BROOKLYN UNION GAS, Appellant. [830 NYS2d 767]—

In an action to recover damages for personal injuries, the defendant Brooklyn Union Gas appeals from an order of the Supreme Court, Queens County (Elliot, J.), dated July 13, 2004, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and granted the cross motion of the defendant City of New York, inter alia, for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the cross motion of the defendant City of New York, inter alia, for summary judgment dismissing the complaint and all cross claims insofar as asserted against it and substituting therefor a provision denying the cross motion; as so modified, the order is affirmed, with one bill of costs to the plaintiff payable by the defendant Brooklyn Union Gas, and one bill of costs to the defendant Brooklyn Union Gas payable by the defendant City of New York.

The defendant Brooklyn Union Gas failed to establish its prima facie entitlement to judgment as a matter of law (*see*

*Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]). The evidence submitted in support of its motion was insufficient to demonstrate that it was not liable for the injuries sustained by the plaintiff when she tripped and fell in a depression surrounding a raised metal cover in a crosswalk (*see Adler v Suffolk County Water Auth.,* 306 AD2d 229 [2003]; *Atiles v City of New York,* 279 AD2d 543 [2001]; *Marchi v Empire City Subway,* 10 AD3d 566 [2004]; *cf. Lau v City of New York,* 22 AD3d 529, 530 [2005]; *Griffith v Southbridge Towers,* 248 AD2d 162 [1998]). Accordingly, the Supreme Court properly denied that motion.

However, the Supreme Court improperly granted the cross motion of the defendant City of New York. The City's untimely cross motion for summary judgment should not have been considered in view of its failure to offer a satisfactory explanation for not serving it within 120 days of the filing of the note of issue as required by CPLR 3212 (a) (*see Brill v City of New York,* 2 NY3d 648 [2004]). In the absence of such a "good cause" showing, the court had no discretion to entertain even a meritorious, nonprejudicial motion for summary judgment (*see Brill v City of New York, supra* at 652). Ritter, J.P., Krausman, Florio and Covello, JJ., concur.