■ LUDMILA POPOWA, Respondent, v NECK ROAD ONE REALTY, LLC, Appellant, et al., Defendants. [836 NYS2d 701]—

In an action to recover damages for personal injuries, the defendant Neck Road One Realty, LLC, appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Jacobson, J.), dated October 6, 2005, as denied that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant Neck Road One Realty, LLC, which was for summary judgment dismissing the complaint insofar as asserted against it is granted.

"Generally, liability for injuries sustained as a result of a dangerous or defective condition found on public sidewalks is placed on the municipality and not the owner or occupier of the abutting land" (*Nichilo v B.F.N. Realty Assoc., Inc.*, 19 AD3d 666, 667 [2005]). "To hold an abutting landowner liable to a pedestrian injured by a defect in a public sidewalk, the landowner must have either created the defect, caused it to occur by special use, or breached a specific ordinance or statute which obligates the owner to maintain the sidewalk" (*Reich v Meltzer*, 21 AD3d 543, 544 [2005]; *see Cordova v City of New York*, 22 AD3d 784 [2005]; *Portanova v Dynasty Meat Corp.*, 297 AD2d 792 [2002]; *Lattanzi v Richmond Bagels*, 291 AD2d 434 [2002]).

The defendant Neck Road One Realty, LLC (hereinafter Neck Road), demonstrated its prima facie entitlement to judgment as a matter of law by establishing that it neither created the condition upon which the plaintiff fell nor caused it by making special use of the public sidewalk. Moreover, at the time of the

plaintiff's accident, Neck Road was under no statutory obligation to maintain the public sidewalk in a reasonably safe condition. Contrary to the determination of the Supreme Court, the plaintiff raised no triable issue of fact in opposition to this showing. Accordingly, the Supreme Court should have granted that branch of Neck Road's motion which was for summary judgment dismissing the complaint insofar as asserted against it. Miller, J.P., Mastro, Ritter and Balkin, JJ., concur.