N.I. v City of New York (2025 NY Slip Op 04886)

N.I. v City of New York

2025 NY Slip Op 04886

Decided on September 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LARA J. GENOVESI
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2020-09304
 (Index No. 520124/19)

[*1]N.I., etc., plaintiff, 
v
City of New York, et al., respondents, Haks Engineers, Architects and Land Surveyors, D.P.C., et al., appellants, et al., defendant.

Byrne & O'Neill LLP, New York, NY (Elaine C. Gangel of counsel), for appellant Haks Engineers, Architects and Land Surveyors, D.P.C.
Fischetti & Pesce, LLP (Mauro Lilling Naparty LLP, Woodbury, NY [Anthony F. DeStefano and Jessica L. Smith], of counsel), for appellant Triumph Construction Corp.
Gordon Rees Scully Mansukhani, LLP, New York, NY (Brian E. Middlebrook and Fabio Gomez of counsel), for respondents City of New York, New York City Fire Department, and New York City Economic Development Corporation.
Fullerton Beck LLP, White Plains, NY (Edward J. Guardaro, Jr., of counsel), for respondent Bolla Operating Corp.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Haks Engineers, Architects and Land Surveyors, D.P.C., and the defendant Triumph Construction Corp. separately appeal from an order of the Supreme Court, Kings County (Rosemarie Montalbano, J.), dated August 21, 2020. The order, insofar as appealed from by the defendant Haks Engineers, Architects and Land Surveyors, D.P.C., granted those branches of the motion of the defendants City of New York, New York City Fire Department, and New York City Economic Development Corporation which were pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint and the cross-claims asserted by that defendant insofar as asserted against them and those branches of the separate motion of the defendant Bolla Operating Corp. which were pursuant to CPLR 3211(a)(7) to dismiss the complaint and the cross-claims asserted by that defendant insofar as asserted against it. The order, insofar as appealed from by the defendant Triumph Construction Corp., granted those branches of the motion of the defendant Bolla Operating Corp. which were pursuant to CPLR 3211(a)(7) to dismiss the complaint and the cross-claims asserted by that defendant insofar as asserted against it.
ORDERED that the appeals by the defendant Haks Engineers, Architects and Land Surveyors, D.P.C., and the defendant Triumph Construction Corp. from so much of the order as granted that branch of the motion of the defendants City of New York, New York City Fire Department, and New York City Economic Development Corporation which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them and that branch of the separate motion of the defendant Bolla Operating Corp. which was pursuant to CPLR 3211(a)(7) to dismiss [*2]the complaint insofar as asserted against it are dismissed; and it is further,
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof granting that branch of the motion of the defendants City of New York, New York City Fire Department, and New York City Economic Development Corporation which was pursuant to CPLR 3211(a)(1) and (7) to dismiss the cross-claims asserted by the defendant Haks Engineers, Architects and Land Surveyors, D.P.C., insofar as asserted against the defendants City of New York and New York City Fire Department, and substituting therefor a provision denying that branch of the motion; and (2) by deleting the provision thereof granting that branch of the motion of the defendant Bolla Operating Corp. which was pursuant to CPLR 3211(a)(7) to dismiss the cross-claims asserted by the defendants Haks Engineers, Architects and Land Surveys, D.P.C., and the defendant Triumph Construction Corp. insofar as asserted against it, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the defendant Haks Engineers, Architects and Land Surveyors, D.P.C., and the defendant Triumph Construction Corp., payable by the defendants City of New York and New York City Fire Department and the defendant Bolla Operating Corp. appearing separately and filing separate briefs.
On July 20, 2018, the infant plaintiff allegedly tripped and fell on construction debris on a sidewalk abutting property owned by the defendant 1700 Neptune Ave Realty, LP, and occupied by the defendant Bolla Operating Corp. (hereinafter Bolla). The construction project was "initiated" by the defendants City of New York and New York City Economic Development Corporation (hereinafter EDC), which hired the defendant Haks Engineers, Architects and Land Surveyors, D.P.C. (hereinafter Haks), to manage the project. Haks hired the defendant Triumph Construction Corp. (hereinafter Triumph) to provide general contracting services.
The plaintiff commenced this action against the City, New York City Fire Department, EDC (hereinafter collectively the City defendants), Bolla, Haks, Triumph, and 1700 Neptune Ave Realty, LP. The complaint alleged that Haks and Triumph "placed construction materials and debris, including but not limited to rubber piping, caution tape, metal pipes and others on the sidewalk" and that the infant plaintiff "was caused to trip and fall over the aforementioned construction material and debris." The complaint further alleged that as the infant plaintiff fell to the ground, he struck his head and face on a fire alarm box, which had a portion "sticking out" because it was repaired with a zip tie. According to the complaint, the alleged defective repair enhanced a dangerous condition.
Haks asserted cross-claims against, among others, the City defendants and Bolla, and Triumph asserted a cross-claim against, among others, Bolla. The City defendants moved, inter alia, pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint and the cross-claims asserted by Haks insofar as asserted against them, and Bolla separately moved, among other things, pursuant to CPLR 3211(a)(7) to dismiss the complaint and the cross-claims asserted by Haks and Triumph insofar as asserted against it.
Bolla argued that it did not own, operate, or maintain the fire alarm box and had no involvement with the construction taking place on the public roadway and sidewalk, "including where construction materials and/or debris were placed or stored." Bolla further asserted that it was not a tenant in possession of the property abutting the sidewalk where the accident occurred but merely operated a business at that location. Bolla argued that since it was not the owner, tenant, or lessee of the property abutting the sidewalk where the accident occurred, it had no duty to maintain the sidewalk in a safe condition.
The City defendants asserted that pursuant to Administrative Code of the City of New York § 7-210, they had no obligation to keep the sidewalk free of debris and that in any event, they did not receive prior written notice of any defect to impose liability as is required by Administrative Code § 7-201. They further asserted that the fire alarm box was not a proximate cause of the infant plaintiff's accident since the infant plaintiff only came into contact with the fire alarm box after the [*3]trip and fall was in progress.
In an order dated August 21, 2020, the Supreme Court, inter alia, granted those branches of the City defendants' motion which were pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint and the cross-claims asserted by Haks insofar as asserted against them and those branches of Bolla's separate motion which were pursuant to CPLR 3211(a)(7) to dismiss the complaint and the cross-claims asserted by Haks and Triumph insofar as asserted against it. Haks and Triumph separately appeal.
The appeals by Haks and Triumph from so much of the order as granted that branch of the City defendants' motion which was pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint insofar as asserted against them and that branch of Bolla's separate motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against it must be dismissed, as Haks and Triumph are not aggrieved by that portion of the order (see CPLR 5511; Walker v City of Newburgh, 222 AD3d 809; Mixon v TBV, Inc., 76 AD3d 144, 156-157).
On a motion to dismiss pursuant to CPLR 3211(a)(7) "[w]e accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory. Under CPLR 3211(a)(1), a dismissal is warranted only if the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law" (Leon v Martinez, 84 NY2d 83, 87-88 [citations omitted]).
Bolla relies upon Administrative Code § 7-210, which, with certain exceptions not applicable here, places liability for failure to maintain a sidewalk "in a reasonably safe condition" upon the adjoining property owner. Bolla established it was not the adjoining property owner, but acknowledged it operated a business on the property abutting the sidewalk where the accident occured. Bolla's status as occupier of the property abutting the sidewalk where the accident occurred is unclear. However, as occupier of that property, Bolla could be liable for creating a defective condition by, among other things, its special use of the sidewalk, such as if debris from its business was present at the location where the accident occurred (see McManamon v Rockland County Ancient Order of Hibernians, 166 AD3d 955; Popowa v Neck Rd. One Realty, 41 AD3d 455). The record herein is insufficient to determine whether there is a basis to impose liability upon Bolla.
With respect to the City and New York City Fire Department, it is alleged that when the plaintiff fell, his face came into contact with a defective fire alarm box, which had a piece sticking out, thereby exacerbating his injury. The general rule is that a tortfeasor can recover for contribution from a subsequent tortfeasor who exacerbates the plaintiff's injuries (see Glaser Fortunoff of Westbury Corp., 71 NY2d 643). The questions of whether the fire alarm box presented a dangerous condition and whether it was foreseeable that someone who fell and came into contact with it would be injured cannot be determined on this record (see Poggiali v Town of Babylon, 219 AD2d 626).
The City defendants contend that the infant plaintiff failed to state a cause of action to recover damages for personal injuries with respect to a defect of the fire alarm box because they did not receive prior written notice of the defect pursuant to Administrative Code § 7-201. On this point, the infant plaintiff alleged in the complaint that the fire alarm box was left in a defective condition "despite having written notice of same." The City defendants submitted no evidence of the absence of prior written notice.
Further, an exception to the prior written notice requirement exists where a municipality affirmatively created the defect which immediately resulted in a dangerous condition (see Yarborough v City of New York, 10 NY3d 726, 728). In this case, the presence of the zip tie on the fire alarm box indicates that there may have been a faulty repair that created a dangerous condition, which was immediately present upon completion of the faulty repair. The question of whether this exception applies herein would require factual analysis beyond the scope of this record.
However, no basis to impose liability upon EDC, who hired Haks, an independent contractor, to manage the construction project, was alleged. Accordingly, Haks' cross-claims insofar as asserted against EDC was properly dismissed.
Accordingly, that branch of the City defendants' motion which was pursuant to CPLR 3211(a)(1) and (7) to dismiss the cross-claims asserted by Haks insofar as asserted against the City and New York City Fire Department and that branch of Bolla's separate motion which was pursuant to CPLR 3211(a)(7) to dismiss the cross-claims asserted by Haks and Triumph insofar as asserted against it should have been denied.
The City defendants' remaining contentions are not properly before this Court.
BARROS, J.P., GENOVESI, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court