■ ALAN J. REDNER, Appellant, v 37 7TH AVENUE TENANTS CORP., Respondent. [663 NYS2d 87] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Golden, J.), dated June 21, 1996, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, without costs or disbursements.

On the afternoon of November 15, 1992, the plaintiff was walking on a public sidewalk adjacent to the defendant's property when he allegedly slipped on some randomly scattered wet leaves, fell to the ground, and sustained injuries. After conducting discovery, the defendant moved for summary judgment, contending that liability could not be imposed upon a landowner based solely upon the presence of wet leaves on the abutting public sidewalk. The Supreme Court granted the defendant's motion, and we now affirm.

In the absence of an ordinance or statute imposing liability, an abutting landowner may only be held liable for a defective or dangerous condition on a public sidewalk if the landowner created the condition or caused it to occur because of some special use (see, Carbone v Pathrose, 236 AD2d 352; Gianna v Town of Islip, 230 AD2d 824). Here, however, the plaintiff's speculative assertion that the leaves upon which he slipped came from the defendant's trees is insufficient to raise an issue of fact as to whether the defendant created a dangerous condition on the abutting public sidewalk. Sullivan, J. P., Pizzuto, Friedmann and Krausman, JJ., concur.