■ JOSEPHINE ROSETTI, Respondent, v CITY OF YONKERS, Appellant, et al., Defendants. [732 NYS2d 878] —In an action to recover damages for personal injuries, the defendant City of Yonkers appeals from an order of the Supreme Court, Westchester County (Colabella, J.), entered June 7, 2000, which granted the plaintiff's motion for leave to amend her notice of claim pursuant to General Municipal Law § 50-e (6) and denied its cross motion for summary judgment dismissing the complaint insofar as asserted against it and to dismiss the complaint for failure to serve a proper notice of claim.

Ordered that the order is modified, on the law, by deleting

the provision thereof denying that branch of the cross motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant City of Yonkers and substituting therefor provisions granting that branch of the cross motion; as so modified, the order is affirmed, with costs to the defendant City of Yonkers, the complaint is dismissed insofar as asserted against the City of Yonkers, and the action against the remaining defendants is severed.

The plaintiff was allegedly injured when she slipped and fell on a public sidewalk in the City of Yonkers (hereinafter the City). The Supreme Court properly granted the plaintiff's motion for leave to amend her notice of claim pursuant to General Municipal Law § 50-e (6) to correct the date of the accident listed on the original notice of claim, as the mistake was made in good faith, and the record does not support the City's claim of prejudice (*see, Matter of Santarpia v City of New York,* 231 AD2d 726; *Tucker v Long Is. R. R. Co.,* 128 AD2d 517; *see also, D'Alessandro v New York City Tr. Auth.,* 83 NY2d 891).

However, the Supreme Court erred in denying that branch of the City's cross motion which was for summary judgment. To establish a prima facie case against the City, the plaintiff had to establish that the City either created the condition which caused the accident, or had actual or constructive notice thereof (*see, Kraemer v K-Mart Corp.,* 226 AD2d 590). The City met its burden on the cross motion for summary judgment of establishing prima facie that it neither created nor had notice of the allegedly dangerous condition. In opposition, the plaintiff failed to offer evidence sufficient to raise triable issues of fact. The evidence was too speculative to support the plaintiff's claim that the substance which caused her to slip was connected to an accident earlier the same day involving a hot dog stand and that the City had notice of the allegedly inadequate cleaning of the sidewalk by its tenant following the accident (*see, Redner v 37 7th Ave. Tenants Corp.,* 243 AD2d 456). O'Brien, J. P., Friedmann, Schmidt and Townes, JJ., concur.