■ LAURA CORDOVA, Respondent, v CITY OF NEW YORK et al., Respondents, and PARUL SULTANA, Appellant. (And a Third-Party Action.) [803 NYS2d 698]—

In an action to recover damages for personal injuries, the defendant Parul Sultana appeals from so much of an order of the Supreme Court, Queens County (Flug, J.), dated December 16, 2004, as denied her motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against her.

Ordered that the order is reversed insofar as appealed from,

on the law, with costs, the motion is granted, the complaint and all cross claims are dismissed insofar as asserted against the defendant Parul Sultana, and the action against the remaining defendants and the third-party action are severed.

Liability for injuries sustained as a result of a dangerous and defective condition on a public sidewalk is ordinarily placed on the municipality and not on the abutting landowner (*see Hausser v Giunta,* 88 NY2d 449, 452-453 [1996]; *Scheer v Roth,* 280 AD2d 595 [2001]). However, an abutting landowner may be held liable where the owner caused the defect by a special use, or where a statute or ordinance imposes an obligation to maintain the sidewalk (*see Hausser v Giunta, supra* at 452-453; *Farrago v Great Atl. & Pac. Tea Co., Inc.,* 17 AD3d 631, 633 [2005], *lv denied* 5 NY3d 710 [2005]; *Jeanty v Benin,* 1 AD3d 566, 567 [2003]; *Diaz v Vieni,* 303 AD2d 713 [2003]; *Seith v City of New York,* 293 AD2d 666 [2002]; *Redner v 37 7th Ave. Tenants Corp.,* 243 AD2d 456 [1997]).

Here, the abutting landowner, the defendant Parul Sultana, established her prima facie entitlement to summary judgment (*see generally Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]). In opposition, neither the plaintiff nor the defendant City of New York submitted any proof to substantiate their conclusory allegation that there was an issue of fact as to whether the sidewalk defect arose from a special use which benefitted the premises owned by Sultana (*see Scalici v City of New York,* 215 AD2d 744 [1995]). The plaintiff and the City were both required to make an evidentiary showing supporting their contention that facts essential to justify opposition may exist upon further discovery (*see* CPLR 3212 [f]; *Ruttura & Sons Constr. Co. v Petrocelli Constr.,* 257 AD2d 614, 615 [1999]), and they failed to do so. Therefore, the Supreme Court should have granted Sultana's motion for summary judgment. Cozier, J.P., Ritter, Spolzino and Lunn, JJ., concur.