■ ANNETTE FOBBS, Appellant, v YAMA RAHIMZADA, Respondent, et al., Defendants. [834 NYS2d 329]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Weiss, J.), entered March 17, 2006, which granted the motion of the defendant Yama Rahimzada for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is affirmed, with costs.

The plaintiff, while walking on the public sidewalk in front of the premises owned by the defendant Yama Rahimzada (hereinafter the defendant), allegedly tripped and fell and was injured when the cellar doors located in the sidewalk began to open.

The defendant established his prima facie entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]). He established that the plaintiff's fall was the result of an unidentified person, presumably the agent and/or employee of a tenant in possession, opening the cellar doors from inside, and was not caused by any defect or dangerous condition concerning the cellar doors. In opposition, the plaintiff failed to raise a triable issue of fact to substantiate her conclusory allegation that the cellar doors were somehow defective or constituted a dangerous condition (*id.; Cordova v City of New York,* 22 AD3d 784, 785 [2005]). Accordingly, the court properly granted the defendant's motion for summary judgment dismissing the complaint insofar as asserted against him (*see generally Lezama v 34-15 Parsons Blvd, LLC,* 16 AD3d 560 [2005]).

The Supreme Court properly rejected the plaintiff's argument that the defendant's motion for summary judgment should have

been denied on the ground that facts essential to justify opposition to the motion may exist upon further discovery. The plaintiff failed to make the requisite evidentiary showing supporting her contention in this regard (*see* CPLR 3212 [f]; *Cordova v City of New York, supra* at 785; *Lopes v Sears, Roebuck & Co.,* 273 AD2d 360, 361 [2000]).

In light of our determination, the plaintiff's remaining contentions are academic. Crane, J.P., Krausman, Goldstein and Dillon, JJ., concur.