■ ANTONIA TAVERAS et al., Appellants, v CITY OF NEW YORK et al., Defendants, and DOBBS-FRIEDMAN, INC., Respondent. [872 NYS2d 458]—

Order, Supreme Court, New York County (Donna M. Mills, J.), entered October 24, 2007, which, insofar as appealed from as limited by the briefs, in an action for personal injuries, granted defendant-respondent's motion for summary judgment dismissing the complaint and all cross claims as against it, unanimously affirmed, without costs.

Plaintiff was injured when she tripped over construction fencing maintained by defendant New York City Transit Authority, causing her foot to hit a raised padlock affixed to cellar doors on adjacent premises owned by respondent. Following respondent's prima facie showing of entitlement to summary judgment, plaintiff failed to raise a triable issue of fact as to whether the padlock, rather than the Transit Authority's fencing, caused the accident. Regardless of any special use respondent may have had in connection with the padlocked cellar doors, plaintiff failed to present any evidence that this use was a proximate cause of the accident, since she admitted that she tripped when she became entangled in the fence and that her foot landed on the padlock (*see Fine v City of New York*, 303 AD2d 306 [2003], *lv dismissed* 1 NY3d 607 [2004]; *McGee v City of New York*, 252 AD2d 483, 484 [1998]). Furthermore, there is no evidence that the padlock constituted a trap, nuisance, or that it otherwise created a dangerous condition (*see Riley v City of New York*, 50 AD3d 344 [2008]). Concur—Mazzarelli, J.P., Moskowitz, Renwick and Freedman, JJ.