*639 In an action to recover damages for personal injuries, the defendant Dane D. Huggins appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Lewis, J.), dated March 16, 2007, as denied that branch of his motion which was for summary judgment dismissing the complaint insofar as asserted against him.
Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant Dane D. Huggins which was for summary judgment dismissing the complaint insofar as asserted against him is granted.
In 2002 the plaintiffs decedent, while walking on a public sidewalk in front of a building owned by the defendant Dane D. Huggins, allegedly fell into a basement through an open cellar door located in the sidewalk. The defendant Samba Gueye, doing business as Tres Elegante (hereinafter Gueye), who was renting the commercial lower floor of the premises, allegedly had opened the cellar door shortly before the accident occurred.
In 2003 the plaintiffs decedent commenced this action against Huggins and Gueye to recover damages for the personal injuries allegedly sustained by her, including a fractured left leg and knee. The Supreme Court denied Huggins’s motion, inter alia, for summary judgment dismissing the complaint insofar as asserted against him. We reverse the order insofar as appealed from.
Contrary to Huggins’s contention, he did not establish, prima facie, that he was an out-of-possession landlord who had no duty to maintain the cellar doors located in the sidewalk abutting his premises (see Pirraglia v CCC Realty NY Corp., 35 AD3d 234, 235 [2006]; see generally Taylor v Lastres, 45 AD3d 835 [2007]; Winby v Kustas, 7 AD3d 615, 615-616 [2004]; Massucci v Amoco Oil Co., 292 AD2d 351 [2002]; Stalter v Prudential Ins. Co. of Am., 220 AD2d 577 [1995]). However, he established his prima facie entitlement to judgment as a matter of law by demonstrating that he did not create the alleged hazardous condition concerning the cellar doors, or have actual or constructive notice of it (see Fobbs v Rahimzada, 39 AD3d 811 [2007]; Cordova v City of New York, 22 AD3d 784 [2005]; see also Gordon v American Museum of Natural History, 67 NY2d 836 [1986]).
In opposition, the plaintiff failed to raise a triable issue of fact (see Taveras v City of New York, 59 AD3d 178 [2009]; Cordova v City of New York, 22 AD3d at 785; Rosario v Sebeo I. Assoc., 305 *640 AD2d 307 [2003]). Accordingly, the Supreme Court should have granted that branch of Huggins’s motion which was for summary judgment dismissing the complaint insofar as asserted against him. Fisher, J.P., Santucci, Balkin and Belen, JJ., concur.