■ RAJ VOHRA et al., Plaintiffs, v QUEEN ANNE Co., L.L.C., Defendant/Third-Party Plaintiff-Respondent. DR. NABIL MEGALLY, Third-Party Defendant-Appellant. [934 NYS2d 162]—

Megally rented two offices in defendant/third-party plaintiff Queen Anne's building and sublet one of the offices to nonparty Especially For You. Plaintiff, a partner in Especially For You, allegedly injured himself when he fell into a hole located on the floor of the building's meter room. The hole, which housed the sewer drain pipe, was generally covered by a heavy piece of sheet metal. The parties dispute whether Queen Anne's superintendent gave Especially for You permission to store items in the meter room or whether that permission came from Megally, who obtained it from the superintendent. In any event, Megally made a prima facie showing of entitlement to judgment as a matter of law with evidence that it did not own, occupy, control or make special use of the meter room (*see Balsam v Delma Eng'g Corp.*, 139 AD2d 292, 296 [1988], *lv dismissed in part and denied in part* 73 NY2d 783 [1988]).

In opposition, Queen Anne failed to raise a triable issue of fact. Indeed, it is undisputed that the meter room was not part of the demised premises, and plaintiff failed to present any agreement obligating Megally to maintain or control the room or correct an unsafe condition therein. Although Especially for You had access to the room and used it for storage, Queen Anne retained a key to it and also made use of it. Even if Especially for You made special use of the room, plaintiff failed to present evidence that Megally controlled the room or Especially for You's activities sufficient to give rise to a duty owing to Queen Anne (*see Balsam*, 139 AD2d at 297; *see generally Gibbs v Port Auth. of N.Y.*, 17 AD3d 252, 254-255 [2005]). Moreover, there is no evidence that the alleged special use proximately caused plaintiff's injuries (*see Taveras v City of New York*, 59 AD3d 178 [2009]; *see also Fine v City of New York*, 303 AD2d 306 [2003], *lv dismissed* 1 NY3d 607 [2004]). Indeed, the evidence indicates that an improperly covered sewer pipe portal caused plaintiff's injury, and that Queen Anne had sole control over the portal and cover. Queen Anne's speculative argument that Especially for You might have caused the cover to shift, is insufficient to raise a triable issue of fact (*see Smith v 125th St. Gateway Ventures, LLC*, 75 AD3d 425 [2010]). Nor did Megally's alleged breach of his lease with Queen Anne raise an issue of fact, since there is no evidence that the alleged breach proximately caused plaintiff's injuries (*see generally Bonomonte v City of New York*, 79 AD3d 515, 516 [2010], *affd* 17 NY3d 866 [2011]). Lastly,

because there is no indemnification provision in the lease, there is no claim for contractual indemnity. Concur—Tom, J.P., Friedman, Freedman, Richter and Manzanet-Daniels, JJ.