MICHAEL SEWESKY, Respondent, v CITY OF NEW YORK et al., Respondents, and COUNCIL ON THE ENVIRONMENT, INC., et al., Appellants. [33 NYS3d 725]—

Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered April 3, 2015, which denied the motion of defendants Council on the Environment, Inc. and GrowNYC, Inc. (together, GrowNYC) for summary judgment dismissing the complaint and any cross claims as against them, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.

Plaintiff allegedly fell in a city-owned community garden when he tripped over the edge of a concrete slab bordering a patch of dirt and was lacerated by rebar or wires sticking out of the concrete. Defendant GrowNYC, a non-profit organization, provided funding and assistance for a renovation project in the garden that was completed three years before plaintiff's accident.

In support of its motion, GrowNYC demonstrated that it does not own, occupy, control or make any special use of the garden, and that it had no involvement with the garden after the renovation project was completed. It thus had no duty to maintain the premises in reasonably safe condition that could

give rise to liability to third parties injured there (*see Balsam v Delma Eng'g Corp.*, 139 AD2d 292, 296-297 [1st Dept 1988], *lv dismissed, denied* 73 NY2d 783 [1988]; *see generally Espinal v Melville Snow Contrs.*, 98 NY2d 136, 139-141 [2002]; *Church v Callanan Indus.*, 99 NY2d 104, 111 [2002]).

To the extent GrowNYC could be held liable to plaintiff for creating an unreasonable risk of harm (*see id.*; *see also Rosen v Long Is. Greenbelt Trail Conference, Inc.*, 19 AD3d 400 [2d Dept 2005], *lv denied* 6 NY3d 703 [2006]), it demonstrated through the testimony of its assistant director, Leonard Librizzi, that it did not create the tripping hazard, but assisted in upgrading the deteriorated garden and clearing it of tripping hazards (*see D'Amico v Archdiocese of N.Y.*, 95 AD3d 601 [1st Dept 2012]). Further, Librizzi did not see any condition of wires or rebar sticking out of concrete in the garden during the renovation project, and plaintiff, who had been a member of the garden for nine years, could not say how long the condition existed before his accident.

In opposition, neither plaintiff nor the City presented any evidence, and therefore did not raise a triable issue of fact as to whether GrowNYC created the tripping hazard (*id.*). Speculation by plaintiff and the City that GrowNYC may have been involved in construction in the area of plaintiff's fall, which may have caused the defective condition, is insufficient to raise an issue of fact (*see Caraballo v Kingsbridge Apt. Corp.*, 59 AD3d 270, 270-271 [1st Dept 2009]; *Kane v Estia Greek Rest.*, 4 AD3d 189, 190 [1st Dept 2004]). Concur—Mazzarelli, J.P., Renwick, Moskowitz, Gische and Gesmer, JJ.