Ingrao v New York City Tr. Auth. (2018 NY Slip Op 03889)





Ingrao v New York City Tr. Auth.


2018 NY Slip Op 03889


Decided on May 31, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 31, 2018

Acosta, P.J., Tom, Mazzarelli, Kern, Singh, JJ.


6600 152020/13

[*1]Eleonora Ingrao, Plaintiff-Appellant,
v
New York City Transit Authority, et al., Defendants-Respondents, [And Third-Party Actions]


Frekhtman & Associates, Brooklyn (Eileen Kaplan of counsel), for appellant.
Lawrence Heisler, Brooklyn (Timothy J. O'Shaughnessy of counsel), for New York City Transit Authority, respondent.
Eustace, Marquez, Epstein, Prezioso & Yapchanyk, New York (Christopher M. Yapchanyk of counsel), for No 5. Times Square Development LLC, respondent.



Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered April 17, 2017, which granted the motion of defendant/third-party plaintiff No. 5 Times Square Development LLC (No. 5) and the cross motion of defendant New York City Transit Authority (NYCTA) for summary judgment dismissing the complaint, unanimously modified, on the law, to deny NYCTA's cross motion, and otherwise affirmed, without costs.
By submitting, among other things, documents establishing that it had alienated the subject premises in 2007, four years before plaintiff's accident, and the affidavit of its general counsel, averring that, as of the date of plaintiff's accident in December 2011, No. 5 neither owned, operated, nor maintained the subject premises, No. 5 demonstrated a prima facie entitlement to summary judgment, on the ground that, since it did not own, occupy, or otherwise control the premises, it had no duty towards plaintiff (see Sewesky v City of New York, 140 AD3d 666 [1st Dept 2016]; Vohra v Queen Anne Co., L.L.C., 90 AD3d 519, 520 [1st Dept 2011]).
Plaintiff's opposition failed to raise any triable issues of fact that No. 5 retained some control over the space, or other source of duty, at the time of her accident. The documents to which she points establish only NYCTA's erroneous belief that No. 5 still controlled the site at the time of her accident. Notably, plaintiff never sought to obtain any evidence from third-party defendant AVR Crossroads LLC, the party to which No. 5 conveyed the premises and which was in a position to authoritatively contest No. 5's claim that it no longer had any interest in the property.
Plaintiff's notice of claim and 50-h hearing provided NYCTA with sufficient notice. "The test of the sufficiency of a Notice of Claim is merely whether it includes information sufficient to enable the city to investigate" (Brown v City of New York, 95 NY2d 389, 393 [2000] [internal quotation marks omitted]). In making this determination, we may look, inter alia, at the evidence adduced at the section 50-h hearing (see D'Alessandro v New York City Tr. Auth., 83 NY2d 891, 893 [1994]).
Here, according to the notice of claim and section 50-h hearing, plaintiff intended to take the train to Brooklyn. Plaintiff states that while she was on an escalator inside the Port Authority train station, she slipped and fell on a slippery condition. Plaintiff alleges that the escalator was within the control of the NYCTA and that it failed to maintain the escalator. Accordingly, NYCTA was on notice of plaintiff's theory of liability that it has a duty to use reasonable care to
maintain the escalator in a safe condition (Bingham v New York City Tr. Auth., 8 NY3d 176, 181 [2007]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 31, 2018
CLERK