Diaz-Pascall v Pereira (2021 NY Slip Op 01194)





Diaz-Pascall v Pereira


2021 NY Slip Op 01194


Decided on February 25, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 25, 2021

Before: Acosta, P.J., Renwick, Singh, Mendez, JJ. 


Index No. 157504/13 Appeal No. 13199 Case No. 2020-02326 

[*1]Amanda Diaz-Pascall et al., Plaintiffs-Appellants,
v
John Pereira, Defendant, Irgang Group, Inc. et al., Defendants-Respondents.


Law Office of Tanya Gendelman, P.C., Brooklyn (Robert T. Bean of counsel), for appellants.
Michael J. Devereaux & Associates, P.C. doing business as Devereaux Law Group, Northport (Michael J. Devereaux of counsel), for Irgang Group, Inc., Mark Irgang and Jay Irgang, respondents.
White Werbel & Fino, LLP, New York (Shelly K. Werbel of counsel), for Acacia, Inc., respondent.



Order, Supreme Court, New York County (Debra A. James, J.), entered October 17, 2019, which, to the extent appealed from as limited by the briefs, granted the motion of defendants Irgang Group, Inc., Mark Irgang and Jay Irgang, and the cross motion of defendant Acacia Inc., a/k/a and d/b/a Basic Housing, Inc. (Basic Housing) for summary judgment dismissing the complaint and all cross claims as against them, unanimously affirmed, without costs.
This personal injury action arises from plaintiff Amanda Diaz-Pascall's trip and fall on a stairway inside a four-story mix-use building. There is no dispute that nonparty 77-79 E. 125th LLC owned the property on the day plaintiff fell.
The individual defendants are entitled to summary judgment dismissing the complaint and all cross claims as against them. The record shows that they did not own the building at the time of the accident, and there is no evidence that they acted outside the scope of their roles as a representative or managing member of defendant Irgang Group, or that they independently engaged in tortious conduct (see Delagrange v Payard, 110 AD3d 491 [1st Dept 2013]; Mendez v City of New York, 259 AD2d 441, 441-442 [1st Dept 1999]).
Irgang Group is entitled to summary judgment dismissing the complaint and all cross claims as against it, because plaintiff failed to present evidence raising a triable issue as to whether it was affirmatively negligent, or in complete and exclusive control of the building (see Caldwell v Gumley-Haft L.L.C., 55 AD3d 408 [1st Dept 2008]). That Irgang Group paid for the janitor who cleaned the building under the supervision of Basic Housing does not raise a triable issue of fact as to whether Irgang Group launched a force or instrument of harm by failing to exercise reasonable care in the performance of its contractual duties, whether it entirely displaced the property owner's duty to maintain the premises safely, or whether plaintiff detrimentally relied on the continued performance of its contractual duties (see Espinal v Melville Snow Contrs., 98 NY2d 136, 140-141 [2002]; Romero v Morrisania Towers Hous. Co. Ltd. Partnership, 91 AD3d 507, 508 [1st Dept 2012]).
Furthermore, Basic Housing is entitled to summary judgement, because the written agreement in effect at the time of the accident states that the owner of the property was responsible to maintain the interior stairway where plaintiff fell, and there is no evidence in the record that Basic Housing caused or created the raised tile that plaintiff alleges was the proximate cause of her fall (see Vohra v Queen Anne Co., L.L.C., 90 AD3d 519, 520 [1st Dept 2011]). That plaintiff or another resident complained to Basic Housing about the subject step before plaintiff's fall is of no moment in the absence of evidence that Basic Housing had a duty to keep that area in a reasonably safe condition (see Fraher v JNPJC Brusco Assoc., 286 AD2d 289 [1st Dept 2001]).
We have considered plaintiffs' remaining arguments [*2]and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 25, 2021